UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 3315 (NSR)

LLEWELLYN ANGELO WILLIAMS
22 CLINTON ~~STREET~~ *Ave*
NEW ROCHELLE NEW YORK 10801

*(In the space above enter the full name(s) of the plaintiff(s).)*

Fourth Amended

## COMPLAINT

-against-

THE CITY OF NEW ROCHELLE
THE CITY OF NEW YORK POLICE DEPARTMENT et al.
SERGEANT DANIEL CONCA
SERGEANT JOHN INZEO
SERGEANT WILSON
POLICE OFFICER ADAM CASTAGNA
POLICE OFFICER EDWARD SILLER

Jury Trial:  ☐ Yes   ☒ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  Llewellyn Angelo Williams
            Street Address  22 Clinton Avenue
            County, City  Westchester County New Rochelle
            State & Zip Code  New York 10801
            Telephone Number  914-563-6799

B.  List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  The City of New Rochelle
                  Street Address  515 North Avenue

|                | |
|---|---|
| | County, City Westchester County New Rochelle |
| | State & Zip Code New York 10801 |
| | Telephone Number 914-654-2300 |
| Defendant No. 2 | Name   The City of New Rochelle Police Department |
| | Street Address 515 North Avenue |
| | County, City Westchester County New Rochelle |
| | State & Zip Code New York 10801 |
| | Telephone Number 914-654-2300 |
| Defendant No. 3 | Name Sergeant Daniel Conca |
| | Street Address 515 North Avenue |
| | County, City Westchester County New Rochelle |
| | State & Zip Code New York 10801 |
| | Telephone Number 914-654-2300 |
| Defendant No. 4 | Name Sergeant John Inzeo |
| | Street Address 515 North Avenue |
| | County, City Westchester County New Rochelle |
| | State & Zip Code New York 10801 |
| | Telephone Number 914-654-2300 |

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions        ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Federal Civil Rights Violations; Racial Discrimination; Violations of Rights Guaranteed Under the Ninth and Fourteenth Amendments of the United States Constitution; Unfair Trade Practices.

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? The City of New Rochelle, County of Westchester, State of New York.

B. What date and approximate time did the events giving rise to your claim(s) occur? December, 2011 to present - various times.

C. Facts: I respectfully submit that as a result of the conduct of the above-named members of The New Rochelle Police Department towards me, my constitutional rights under The U.S. Constitution and my civil rights as an American citizen have been violated. I am an African-American small business owner who has been repeatedly intimidated and harassed by members of The New Rochelle Police Department, and I have been unlawfully restrained and have been prevented from being a productive member of the business community. I submit that The New Rochelle Police Department has violated my Ninth and Fourteenth Amendment Rights. As a result of their conduct, and through no fault of my own, I have become a disenfranchised member of the business dynamic. A competitor in my line of work, who has been awarded a contract with The City of New Rochelle, is entitled to be paid $110.00 for 'booting' a vehicle on municipally owned property, and in addition they are paid $26.00 for placing a sticker on that same vehicle, whereas I am entitled to be paid $45.00 for 'booting' an illegally parked vehicle, and am not entitled to any payment for placing a sticker on an illegally parked vehicle. The awarding of contracts by The City of New Rochelle was not advertised, and despite having worked in New Rochelle for several years, and despite the fact that The New Rochelle Police Department and The City of New Rochelle was aware that I was the owner Avalon Towing, I was purposefully not made aware of the date and time of when the awarding of those city contracts would take place. Furthermore, The City of New Rochelle has recently enacted new laws (specifically, New Rochelle Municipal Code 316) which severely limits my ability to continue to work at my profession, and which, I submit, were specifically directed at me and

*(margin notes: What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?)*

**IV.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Addendum

Defendant No. 5    Sergeant Wilson

                         515 North Avenue

                         Westchester County  New Rochelle

                         New York 10801

                         914-654-2300

Defendant No. 6    Police Officer Adam Castagna

                         515 North Avenue

                         Westchester County  New Rochelle

                         New York 10801

                         914-654-2300

Defendant No. 7    Police Officer Edward Siller

                         515 North Avenue

                         Westchester County New Rochelle

                         New York 10801

                         914-654-2300

III. (C) Statement of Claim (continued)

    have been intended to put me out of business. Members of The New Rochelle Police Department have threatened me with arrest in situations where I have legally 'booted' vehicles, and I have been forced and intimidated into removing those 'boots', and during the course of working at my profession derogatory statements have been made and directed at me. The City of New Rochelle has never awarded a competitive business contract to a business owned and operated by an African-American business owner. The fees paid to Safeway Towing for the same work that I have been doing are much higher than the fees that my company is paid. There are currently only two companies that are permitted to tow vehicles to private lots. Those companies are required to have an insurance policy of at least two million dollars in order to tow a vehicle. I have paid more than one hundred thousand dollars in order to have a policy that allows me to 'boot' vehicles, and had previously hired outside companies to tow vehicles from

the lots where I worked. Under the new laws, those companies can no longer tow vehicles in New Rochelle, and I am therefore prevented from conducting my business. I submit that the adoption of the new laws by The City of New Rochelle is retaliatory conduct against me and my company Avalon Towing as I result of a prior lawsuit I brought against The City of New Rochelle involving police brutality and intimidation.

There was an incident that took place on July 17, 2013, involving Officers Castiglia and Siller and myself and my company Avalon Towing. I had legally booted an automobile parked in a private lot. There were no license plates on the vehicle. The vehicle had been owned by my mother, who had passed away. The boot was placed on the vehicle until the matter of who was the rightful owner was resolved in Surrogates Court. My sister Felicia Rosenbaum called The New Rochelle Police Department and claimed that my mother had given the vehicle had been given to her. There was no paperwork or proof as to Felicia Rosenbaum's claim. Officers Castiglia and Siller arrived at the private parking lot where the vehicle was legally parked and ordered me to remove the boot from my mother's automobile and informed me that I would be arrested if I did not remove the boot. I had informed the officer that it was my intention to leave the boot on the vehicle until a determination was made in court as to the ownership of the car. The police officers at the scene never called a supervisor and proceeded to permit Felicia Rosenbaum to drive the automobile away from that location. My brother and I never saw the vehicle again. I wrote out a statement to The New Rochelle Police Department as to this incident. I received a call from Sergeant Kyle Wilson informing me that I should not have booted a vehicle that was parked on a public street. In fact, if Sergeant Kyle Wilson had read my statement or the reports, he would have known that the vehicle was <u>not parked</u> on a public street but in a private lot in a space my brother had paid for.

Two other incidents illustrate the prejudice and bias that The New Rochelle Police Department has demonstrated towards me and my company. On March 2, 2013, I lawfully placed a 'boot' on an automobile that was unlawfully parked in the parking lot at 466 Main Street. There was no permit displayed on the vehicle at that time I affixed the 'boot'. Subsequently, the owner of the vehicle arrived at the location, removed a permit from another vehicle, and placed the permit in his car, the vehicle I had 'booted', and the owner then called the police. When Sergeant Inzeo arrived at the scene, he ordered me to remove the 'boot' from the vehicle, and he informed me that I would not be paid. I had properly and lawfully 'booted' an automobile in a lot where I was being paid to enforce the regulations, and I was denied proper payment for my work by a uniformed member of The New Rochelle Police Department. Finally, I had a contract for the parking lot for the CVS pharmacy located at 625 North Avenue in New Rochelle, after Safeway Towing had been working at that location for approximately six years. There were signs conspicuously posted in the lot prohibiting illegal parking. I placed my signs directly over the signs that Safeway had there. On February 3, 2012 Sergeant Conca of The New Rochelle Police Department arrived at that location and he ordered me to remove a 'boot' from a vehicle that was parked illegally in that lot, and Sergeant Conca then proceeded to speak to CVS

employees and advised them that the signs in the lot had to be moved and that he would issue New Rochelle City Code Violations to CVS if I 'booted' any more vehicles in that lot.

( See attached reports, incident reports, supplemental narrative reports, event reports and complaint forms ).

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. I am seeking compensation due to the continued harassment against me and my company Avalon Towing by The New Rochelle Police Department and The City of New Rochelle and the specific members of that Department as named above, resulting in my inability to work at my business. The conduct of The New Rochelle Police Department and the above-named members has caused me to lose business and to lose business contacts, because The New Rochelle Police Department and the above-named members have spoken with and convinced business owners and property owners in New Rochelle to cease doing business with me and my company, Avalon Towing. I have always, during the entire course of my business career, engaged in lawful business practices, and, I submit, I have been, and continue to be, the victim of racial discrimination and unfair business practices. My reputation in the business community has been irreparably damaged, as has my ability to earn a living in my profession. I am seeking relief in the amount of twenty million dollars ($20,000,000.00).

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18 day of November, 2013.

Signature of Plaintiff _____

Mailing Address: 22 Clinton Street
New Rochelle New York 10801

Telephone Number: 914-563-6799

Fax Number *(if you have one)* _____

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

### For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*

**Date and Time Reported:** 9:49 pm 2/3/12
**Date and Time of Incident:** 9:49 pm 2/3/10
**Location of Incident:** CVS - 1625 North Ave.

**Complainant's Last Name:** Williams
**First Name:** Angelo
**Date of Birth:** 08-27-1964
**Race:** Black

**Mailing Address:** 22 Clinton Ave
**City, State, Zip Code:** New Rochelle 10801
**Day Phone:** 914-563-6799

**Location:** 1625 North Ave, New Rochelle

**Name of Police Department Member(s) Involved:**
- Sgt. Conca
- P.O. Schlesenger

**Nature of Complaint:** ✓ Verbal Abuse

**Details of Complaint:** Avalon Towing booted vehicle at CVS & Sgt. Conca pulled into CVS lot observed boot on car. Sgt. advised P.O. Schlesenger to contact Avalon

2/29 Left message for Angelo.

3/9/12 Spoke w/ Angelo. Advised him that Lt. Mandell addressing the problem.

| Month | Day | Year | Time (24 hrs) | Address of Occurrence | APT # | Precinct/Agency CTY | Aided # (NYC) | Complaint # |
|---|---|---|---|---|---|---|---|---|
| Jul | 17 | 13 | 0754 | 99 Union Ave (IFO) | | | | |
| Jul | 17 | 13 | 0754 | How can we safely contact you? (e.g. Name, Phone) | | ○ Officer-Initiated ⊘ Radio Run ○ Walk-In | | |

**Name (Last, First, M.I.) / (include aliases):** Rosenbaum, Felicia
**Phone:** (757) 434-9699
**DOB:** 8 / 27 / 65  **Age:** 48  ⊘ Female
**Street & City:** 411 Lake Shores Dr, Portsmouth  **APT #:**  **Zip:** 23701  **VA**
If non-English, language: ○ Spanish ○ Chinese ○ Other: _____
**Injured?** ⊘ No ○ Yes
Removed to Hospital? ⊘ No ○ Yes If yes, what hospital? _____
○ White ⊘ Black ○ Asian ○ American Indian ○ Other:
○ Hispanic ⊘ Non-Hispanic ○ Unknown
Notes (e.g. special needs, disability, requests):
**Describe:**

**Name (Last, First, M.I.) / (include aliases):** Williams, Llewellyn
**Phone:** (914) 632-9002
**DOB:** 8 / 27 / 64  **Age:** 49  ⊘ Male
**Street & City:** 99 Union Ave  **APT #:**  **Zip:** 10801
If non-English, language: ○ Spanish ○ Chinese ○ Other: _____
**Injured?** ○ No ○ Yes
Removed to Hospital? ⊘ No ○ Yes If yes, what hospital? _____
○ White ⊘ Black ○ Asian ○ American Indian ○ Other:
○ Hispanic ⊘ Non-Hispanic ○ Unknown

Prior DV History? ○ Yes ⊘ No
Prior DV police report? ○ Yes ⊘ No
Victim fearful? ○ Yes ⊘ No
**Suspect:**
Access to weapons? ○ Yes ⊘ No
Drug/Alcohol history? ○ Yes ⊘ No
Suicide threat history? ○ Yes ○ No

**SUSPECT/P2 present?** ⊘ Yes ○ No

**LIVING SITUATION**
Do parties *currently* live together? ○ Yes ⊘ No
IF NO, have they lived together *in the past*? ○ Yes ⊘ No
Do the parties have a *child-in-common*? ○ Yes ⊘ No

**RELATIONSHIP:** (SUSPECT / P2 to VICTIM / P1)
○ Married ○ Formerly Married
○ Intimate Partner/Dating ○ Former Intimate/Dating
○ Child of victim/party 1 ○ Parent of victim/party 1
⊘ Relative: Brother ○ Other: _____

| Name (Street / APT # / City, if needed) | Phone | DOB Month Day Year | Relationship to victim / P1 |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**Check all that apply:**
○ Biting
○ Destroyed Property (Estimated $___)
○ Forced Entry
○ Forcible Restraint
○ Hair Pulling
○ Homicide

○ Impaired Alcohol/Drugs
○ Injury to Child
○ Injury to Other Persons
○ Injury to Pet/Animal
○ Interference with Phone
○ Intimidation/Coercion
○ Kicking
○ Punching

○ Pushing
○ Sexual Assault
○ Shooting
○ Slapping
○ Slamming Body
○ Stabbing
○ Strangulation/"Choking"
○ Suicide or Attempt

○ Threw Items
○ Unwanted Contact
○ Verbal Abuse
○ Violated Visitation/Custody Conditions
○ OTHER Suspect Actions: _____

○ **Threats:** (specify):
○ Injure/Kill Persons
○ Injure/Kill Self
○ Injure/Kill Pet/Animal
○ Take Child
○ Destroy/Take Property
○ Other: _____

○ **Threat with weapon**
○ **Weapons used:** (specify)
○ Blunt Object
○ Gun
○ Motor Vehicle
○ Sharp Instrument
○ Other: _____

**Arrest Made?** ○ Yes ⊘ No
Reasons arrest not made on-scene: ⊘ No Offense Committed ○ No Probable Cause ○ Suspect Off-Scene
○ Warrant/Criminal Summons to be requested ○ Violation level: not in police presence (no citizen's arrest) ○ Other: _____

| Offenses | Law (e.g. PL) | Section (Sub) | | Offenses Involved: (check all that apply) ○ Felony |
|---|---|---|---|---|
| | | | ○ | ○ Misdemeanor ○ Violation ○ Other (specify) _____ |
| | | | ○ | Registry Checked? ⊘ Yes ○ No  OP Court Name: _____ |
| | | | | Order of Protection? ○ Yes ⊘ No  ○ Family ○ Criminal ○ Supreme |
| | | | | Stay Away Order? ○ Yes ⊘ No  ○ Out of State ○ Tribal |
| | | | ○ | Order Violated? ○ Yes ⊘ No  Expiration Date: Month Day Year |
| | | | | Any PRIOR orders? ○ Yes ⊘ No | |

**Photos Taken?** ○ Yes ⊘ No  IF YES, photos taken of: ○ Victim Injuries ○ Suspect Injuries ○ Scene ○ Damaged Property ○ Other: _____
Other evidence collected? ○ Yes ○ No  IF YES, describe: _____

Results of investigation and basis of action taken. *(Were excited utterances, spontaneous admissions or spontaneous statements made?)* ○ Yes ○ No *(Complete 710.30 or other form when applicable).*

SEE DET NARRATIVE

Any Guns in House? ○ Yes ○ No   Any Guns Seized? ○ Yes ○ No   Household Member Has Pistol Permit? ○ Yes ○ No   Permit Seized? ○ Yes ○ No
Permit #(s): _____   Issuing County: _____   Name on Permit(s): _____

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment, or endangerment?  ○ Yes  ○ No
IF YES, officer must contact the NYS CHILD ABUSE HOTLINE REGISTRY # 1-800-635-1522

**SUSPECT ON PAROLE OR PROBATION?**
○ Probation ○ Parole ○ Not Supervised ○ Status Unknown

**CONTACTS INITIATED BY POLICE:** ○ Domestic Violence Services
○ Child Protective Services (or ACS) ○ Other Agency: _____

Officer's Signature (& Rank): _____ #115  PRINT and SIGN: _____ ID# 9884  Month: Jul  Day: 17  Year: 13

Page 1 of 2

# New Rochelle Police Department
## Detective's Supplemental Narrative Report
| | |
|---|---|
| Case No.: | NR-CR-03091-13 |
| Event No.: | NR-EV-35078-13 |
| Case Date: | 7/17/2013 |
| Reviewing Officer: | POLICE OFF CASTIGLIA, ADAM |
| Review Date: | 07/17/2013 |
| Shield No.: | 1115 |
| Serial No.: | 9884 |

**Review Subject:**

At 0800hrs PO Siller and I responded on a verbal dispute. Upon arrival P1/ stated she is having a verbal dispute with her brother P2/ over ownership of a vehicle. P1/ stated the car was willed to her by their mother after she passed away in June 2013. P1/ provided notarized documentation clearly indicating that she is now the person responsible of the vehicle NY-DAW8788. It should also be noted that P1/ also had the vehicle's keys, registration and title in her possession, vehicle was valid. P1/ stated she is unaware where the license plates for the vehicle are. P2/ claims he has no information on the whereabouts of the license plates. P1/ was provided with an MV78-b should the license plates remain missing. ROs responded with P1/ and P2/ to the private parking lot of 122 Union Ave. RO observed that P2/ had placed and illegal boot on vehicle/NY-DAW8788. RO advised P2/ to remove the boot from the vehicle as P2/ did not have the authority to boot any vehicles in this lot. It should be noted that this parking lot was clearly marked by a sign indicating it was the responsibility of SafeWay Towing to enforce any type of booting or towing activity at this parking lot. Both parties left the area without further incident both were advised to address the matter in civil court. (VAC issued, HQ advised)

| Status: | Signature of Reporting Officer: | Signature of Supervising Officer: |
|---|---|---|
| | | |

# NEW ROCHELLE POLICE DEPARTMENT
## EVENT REPORT

Event No. NR-EV-10220-13     Event Date 3/2/2013 3:00 PM     Created By MICHAELS, CHRISTOPHER

Desk Officer   SALERNO, JOSEPH          Desk Officer Rank   SERGEANT
Desk Officer Serial No.   8855           Desk Officer Shield No.   35

Call Type   DISPUTE          How Received   TELEPHONE

Business Name

Location of Assignment   466 MAIN ST NEW ROCHELLE, NY 10801-6431

Post

Disposition         SERVICED BY CAD
Dispatch Date       3/2/2013 15:02:00        Received Date   3/2/2013 15:00:00
Start Time          15:06:00                 End Time                    Total Time

### Event Personnel

Name   DIAZ, JOSE
Rank   POLICE OFF   Serial No.   10262          Shield No.   1113

Name   CHERN, HUNG-HAW
Rank   POLICE OFF   Serial No.   10179          Shield No.   1095

Name   LORE, FRANK
Rank   POLICE OFF   Serial No.   9206           Shield No.   1039

Name   INZEO, JOHN
Rank   SERGEANT     Serial No.   8224           Shield No.   3

### Event Units

Unit: 02     Unit Description: 2                                    Primary

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:02:25 | |
| Arrived At Scene | 3/2/2013 03:08:31 | |
| Freed | 3/2/2013 03:38:11 | 466 MAIN ST |

Unit: 03     Unit Description: 3                                    Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:02:29 | |
| Arrived At Scene | 3/2/2013 03:07:29 | |
| Freed | 3/2/2013 03:38:18 | 466 MAIN ST |

Unit: 16     Unit Description: 16                                   Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:05:57 | |

Printed on: 7/29/2013 at 12:23 PM   Event No. NR-EV-10220-13      Page 1 of 2

| | | | |
|---|---|---|---|
| Arrived At Scene | 3/2/2013 03:00:03 | | |
| Freed | 3/2/2013 03:38:25 | 466 MAIN ST | |

Unit:  20   Unit Description:  20   Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:11:07 | |
| Arrived At Scene | 3/2/2013 03:20:24 | |
| Freed | 3/2/2013 03:28:45 | 466 MAIN ST |

## Event People

| | | | | | |
|---|---|---|---|---|---|
| Caller Name | SHERMAN, VICTORIA | | | | |
| Date of Birth | 1/12/1977 | Gender | F Female | Role | CALLER |
| Height | | Eye Color | | | |
| Address | 466 MAIN ST New Rochelle, NY 10801-6431 | | | | |
| Phone Number | (917) 992-2111 | | | | |

| | | | | |
|---|---|---|---|---|
| Name | / AVALON TOWING, ANGELO | | | |
| Date of Birth | | Gender | | Role |
| Height | | Eye Color | | |
| Address | | | | |

## Associated Numbers

## Narrative

cmichaels - 3/2/2013 - 15:00:58

COMP IN BMW X5 STATES HAVING VERBAL 10-8 W/AVALON TOWING

jdiaz - 3/3/2013 - 08:00:43

Sgt Inzeo, PO Lore, PO Chern and I responded to incident location in regards to a dispute over a boot. Upon arrival comp stated he vehicle NY-FPB8569 was booted by Pi/     but she has a permit to park at location. I did see the permit on the drivers side rear window. Pi/ stated he did not see the permit and that is why he placed the boot on the car. Pi/ then removed the boot and both parties when on their way.

Approved By : _____   Date : 3/3/2013 9:19 AM

SERGEANT BRADY, MATTHEW J   Shield/Serial No.  20 / 7051

Printed on: 7/29/2013 at 12:23 PM   Event No.  NR-EV-10220-13      Page 2 of 2

# Civilian Complaint Form (CO3)
# Reporte De Quejas Civiles



Complaint No/
Núm. de Queja o Reclamo: **35078-13**
LEAVE BLANK /Deje el espacio en blanco

**New Rochelle Police Department**
**475 North Avenue New, Rochelle NY 10801**

Please deliver in person or mail completed form to: INTERNAL AFFAIRS UNIT at the above address. Please make a copy for your records. *Por Favor de entregar este formulario al cuartel en persona, o de enviarlo a: INTERNAL AFFAIRS UNIT, a la dirección mencionada arriba. Por favor, haga una copia para sus archivos.*

| Date and Time Reported | Date and Time of Incident | Location of Incident |
|---|---|---|
| 07-17-2013  10:37 Am | 07-17-2013  8am - 8:45am | 122 Union Ave New Rochelle N.Y. 10801 |

| Complainant's Last Name | First Name | Date of Birth | Race |
|---|---|---|---|
| Williams | Angelo | 08-27-64 | Black |

| Mailing Address/ Apartment or floor | City, State, Zip Code | Day Phone | Evening Phone |
|---|---|---|---|
| 22 Clinton Ave New Rochelle NY | New Rochelle NY 10801 | 914 563 6785 | |

| Witness's Last Name | First Name | Age | Mailing Address | Day/Evening Phone |
|---|---|---|---|---|
| | | | | |

| Time and Date of Occurrence | Location |
|---|---|
| 0754 hrs 17 Jul 13 | 122 Union Ave |

| Name of Police department Member(s) involved | Shield # | Division |
|---|---|---|
| PO Adam Castricia | 1115 | PSD |
| PO Edward Sillea | 475 | PSD |

**Nature of Complaint/ Tipo de querella/ Queja:**

- [ ] Arrest /Arresto
- [X] Other Complaint/ Otro tipo de reclamo/ Queja
- [ ] Sexual Harassment/ Acoso Sexual
- [ ] Detention/ Detención
- [ ] Search of Property/ Allanuiento de propiedad
- [ ] Theft by Officer/ Robo por un Policia(s)
- [ ] Excessive Force/ Uso de fuerza excesiva
- [ ] Property Lost by Officer/ Propiedad perdida por policia(s)
- [ ] Search of Person/ Cateo (Registro) de su persona
- [ ] Hate or Bias/ incidente basado en odio o prejuicio
- [ ] Racial Profiling/Descriminación
- [ ] Verbal Abuse/ Abuso verbal

Details of Complaint (Use reverse side of paper if more space is required/ *Provea los detalles de reclamo/ Queja. (Si necesita más espacio usar la parte de atras de éste formulario)*

Complainant's Signature/ Firma del reclamante: *Angelo Williams*
Date/ Fecha: 07-17-2013
Police officer Receiving Complaint Form: [signature] #10

Today Wednesday, July 17, 2013 Approx about 8:00 O'clock New Rochelle police was call to 99 Union Ave to handle a dispute attain to my late mother car that was park in a private lot. The car is register and insure under my late mother Alice Williams. The Car was left in possession of the young son Kevin Williams. My sister Felicia come to New York and call New Rochelle Police to tell them that car belong to her and that she wants to know where the plates for the car. She has no title for the car and I was telling the officers that I don't know anything about the car belonging to her. The car either belongs to my brother Kevin or all of us. None of us has seen anything stating otherwise. I told the officer that I was going file the death certificate with the court in White Plains to let the judge figure it out. The two officer decide to let my sister Felicia drive the car without no valid license plate. This is reason why I'm filing a report against the two New Rochelle Police officers.  A. W

*Angelo Williams* [signature]

Angelo Williams

the owner or such other person authorized to operate the same without charging any fee whatsoever, provided only that said vehicle is immediately removed from the property.

E. In the event that a tow truck operator is about to remove an improperly parked vehicle from privately owned real property and has hooked up and engaged said vehicle to a towing truck but has not removed the vehicle from the property, said operator shall immediately release custody and control of the vehicle to the owner or such other person authorized to operate the same for the payment of a fee of $15, and further provided that said vehicle is immediately removed from the property.

## § 316-3.1. Booting of vehicles.
**[Added 3-19-2002 by L.L. No. 1-2002; amended 9-19-2006 by L.L. No. 8-2006]**

A. An operator may boot an improperly parked vehicle on privately owned real property instead of towing it therefrom, but the fee for such booting shall not exceed $45 plus tax, provided that, upon payment of such fee and the removal of the booting device, said vehicle is immediately removed from the property by the owner or operator thereof. Prior to booting an improperly parked vehicle, the operator shall display to the owner of such vehicle a valid license issued by the Police Commissioner pursuant to this chapter.
   **[Amended 10-16-2012 by Ord. No. 162-2012]**

B. Whenever a person engaged in the booting of vehicles affixes a boot to an unoccupied motor vehicle on privately owned real property under the direction of the owner or an individual acting on behalf of the owner of such property, said operator shall notify the New Rochelle Police Department immediately.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

C. Whenever an operator affixes a boot to an unoccupied motor vehicle on private property, said operator shall affix a four-inch-by-seven-inch orange sticker to the driver's side window. Said sticker shall warn the driver that a boot is affixed to the vehicle and moving the vehicle could result in damage to the vehicle. The sticker shall include the name and address of the operator, as well as a telephone number the driver can call to arrange for the removal of the boot.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

D. In the event that an operator boots an unoccupied motor vehicle on privately owned real property, the operator or an attendant must remove the boot from the vehicle within 15 minutes after being contacted by the vehicle's owner or operator.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

E. Whenever an operator has begun the process of booting an improperly parked vehicle on private property but has not yet locked the boot onto the vehicle, and the owner or operator of the vehicle offers to remove the vehicle from private property, said operator shall remove the boot from the improperly parked vehicle at no charge to the vehicle's owner or operator.

F. No motor vehicle shall be booted by a person licensed pursuant to this section unless such licensee has been authorized to boot such motor vehicle pursuant to a written contract

between such licensee and the owner, lessee, managing agent or other person in control of the property on which such motor vehicle is parked. Such contract shall also provide that such owner, lessee, managing agent or other person in control of the property shall be liable for any violation by such licensee or his or her employee or agents of any of the provisions of this section or of any rules promulgated pursuant to this section. **[Added 10-16-2012 by Ord. No. 162-2012]**

G. An owner, lessee, managing agent or other person in control of property who has entered into a written contract with a person licensed pursuant to this section authorizing such licensee to boot motor vehicles parked on such property shall be liable for any violation by such licensee or such licensee's employees or agents of the provisions of this section, or of any rules promulgated pursuant to this section. **[Added 10-16-2012 by Ord. No. 162-2012]**

H. No motor vehicle may be booted if: **[Added 10-16-2012 by Ord. No. 162-2012]**

  (1) Such vehicle is occupied by any person or live animal;

  (2) Such vehicle is parked on the roadway side of a vehicle stopped, standing or parked at the curb;

  (3) Such vehicle is parked in a fire lane, or in front of or immediately adjacent to a fire hydrant, fire connection or building emergency exit;

  (4) Such vehicle is an ambulance, correction vehicle, police vehicle, fire vehicle, civil defense emergency vehicle, emergency ambulance service vehicle, environmental emergency response vehicle, sanitation patrol vehicle, hazardous materials emergency vehicle, ordnance disposal vehicle of the Armed Forces of the United States;

  (5) Such vehicle bears a special vehicle identification issued in accordance with the provisions of § 1203-a of the Vehicle and Traffic Law or "MD" New York registration plates; and

  (6) Such vehicle is parked in a space reserved for vehicles displaying a handicap permit.

I. No release or waiver of any kind purporting to limit or avoid liability for damages to a vehicle that has been booted shall be valid. In addition, any person who booted a vehicle, or other person authorized to accept payment of any charges for such booting, shall provide a signed receipt to the individual paying the booting charges at the time such charges are paid. Such receipt shall state the name, business address, business telephone number and license number of the person who has booted such vehicle as such information appears on the license to engage in booting, and such receipt shall also include a telephone number for the office within the Police Department responsible for receiving complaints with respect to booting. **[Added 10-16-2012 by Ord. No. 162-2012]**

J. No charge shall be imposed for the booting of a vehicle when any person has committed a violation of this section, or any rules promulgated pursuant to this section with respect to

such vehicle, and any such unlawful charge shall be reimbursed by any person liable for a violation of this section. **[Added 10-16-2012 by Ord. No. 162-2012]**

K. The owner or person in control of a vehicle which has been booted by a licensee or such licensee's employee or agent shall be permitted to pay any charge for booting at the location where such vehicle was booted and the licensee, or other person authorized to accept payment, shall accept such payment in person by credit card in accordance with generally accepted business practices. **[Added 10-16-2012 by Ord. No. 162-2012]**

L. Any vehicle which has been booted pursuant to this section must be returned to the owner or person in control of such vehicle within 24 hours of booting or such vehicle shall be towed by the operator in accordance with § 316-3 herein. **[Added 10-16-2012 by Ord. No. 162-2012]**

## § 316-4. Warning and informational signs.
**[Amended 9-30-1992 by Ord. No. 220-1992]**

A. No owner of private property shall remove, permit the removal or booting of or cause to be removed or booted any motor vehicle from property owned by him unless there is erected and maintained upon such property, at the entrances and exits to such property, a sign containing a warning that parking thereon is restricted to authorized persons only, that unauthorized parking or trespassing is prohibited and that the vehicles of trespassers or unauthorized persons will be towed away or booted, and containing the further statement setting forth the address and telephone number where any person whose vehicle is removed may make inquiry to regain his vehicle. Such signs shall be not less than 12 inches by 18 inches in size, and lettering thereon shall be not less than one inch in size. Included on such sign shall be the fee amount authorized by the County of Westchester and the fee amount authorized by the City of New Rochelle pursuant to § **316-3E** of the Code of the City of New Rochelle for hookup but not removal, and the fee amount authorized by the City of New Rochelle pursuant to § **316-3.1** of the Code of the City of New Rochelle for booting. **[Amended 9-19-2006 by L.L. No. 8-2006; 10-16-2012 by Ord. No. 162-2012]**

B. All information on the above-required signs must be filed with the New Rochelle Police Department. The owner shall inform the Police Department, in writing, of any changes to the contents of such sign within 10 days of such change. The filing fee shall be as set forth in Chapter **133**, Fees, for each filing. **[Added 2-16-1993 by Ord. No. 45-1993]**

## § 316-5. License required; exceptions.
**[Added 10-16-2012 by Ord. No. 162-2012** *Editor's Note: This ordinance also redesignated former § 316-5 as § 316-7.* **]** No person shall conduct towing or booting as defined herein on private property without first having obtained a license as hereinafter provided. All licenses shall be issued for a one-year period.

## § 316-6. License applicant requirements.
**[Added 10-16-2012 by Ord. No. 162-2012]**

A. The name and address of the applicant, specifying, in the case of a partnership or an unincorporated association, each partner or member thereof, and in the case of a corporation, the name and address of each officer, director and stockholder thereof.

B. The date of birth and citizenship of the applicant and each member thereof, if an unincorporated association, and of each officer, director and stockholder, if a corporation.

C. The address of any and all depots, garages or body shops, whether located inside or outside the City, that will be used by the applicant in connection with his towing business.

D. A statement as to whether the applicant or any partner, member, officer or director has, within the last five years, ever been convicted of a crime and, if so, the date, crime charged and sentence imposed.

E. Whether or not the applicant has ever been denied a license for a tow truck, towing business or booting business by any governmental agency or authority or whether or not the applicant has ever been charged with chasing or whether or not any such license ever issued to the applicant has been suspended or revoked and, if so, the date, the location and the circumstances thereof.

F. A list of all valid licenses held by the applicant which authorize him to conduct a towing or booting business.

G. Whether this is an initial application or a renewal.

H. Proof of insurance in accordance with City requirements.

I. Any other relevant information which the Police Commissioner may require.

## § 316-7. Penalties for offenses.

Notwithstanding any other penalty provision of the Code of the City of New Rochelle, a violation of any provision of this chapter shall be punishable by a mandatory minimum fine for the first violation thereof of $50, and by a mandatory minimum fine of $100 for a second or subsequent offense, with the maximum fine in each and every instance which may be imposed not to exceed $250.

## § 316-8. License fees.

**[Added 10-16-2012 by Ord. No. 162-2012]** A minimal fee of $750 shall be paid for each license issued hereunder.

## § 316-9. Issuance of license.

**[Added 10-16-2012 by Ord. No. 162-2012]** Upon receipt of a properly completed application and payment of the requisite fee, the Police Commissioner shall issue a license to the applicant unless he determines:

A. That the applicant is unfit and is incapable of properly conducting a towing or booting business within the City of New Rochelle or does not conform to the provisions of this chapter; or

B. That the applicant's garage, depot or auto repair shop used in connection with the towing business is in violation of any state or City law or regulation, including but not limited to zoning, building or fire law ordinances or regulations in the municipality in which it is located; or

C. That the applicant has made a materially false statement or misrepresentation in his application.

## § 316-10. Transferability of license.

**[Added 10-16-2012 by Ord. No. 162-2012]** A license issued hereunder shall not be transferred or assigned to another person or vehicle, except as provided below.

## § 316-11. Suspension, revocation or refusal to renew license; hearing: appeals.
**[Added 10-16-2012 by Ord. No. 162-2012]**

A. Any license issued hereunder may be suspended, revoked or refused to be renewed by the Police Commissioner or his designee after a hearing, upon five days' notice, if the licensee thereof shall violate any provision of this chapter, any rule or regulation adopted hereunder or any ordinance of the City or is charged with the violation of any vehicle and traffic law, ordinance or regulation of the State of New York or City of New Rochelle.

B. A request for a hearing to reinstate a license or to contest a suspension, revocation or refusal to renew must be made, in writing, to the Police Commissioner and be sent by registered or certified mail or given in person within 10 days after the suspension, revocation or refusal to renew. A hearing will be held within 21 days after receipt of the licensee's request before the Police Commissioner or his designee and a decision rendered within three days. The licensee's license will remain suspended, revoked or expired until a decision is rendered by the Police Commissioner or his designee.

C. Any licensee whose license has either been suspended, revoked or refused to be renewed pursuant to this chapter may appeal said suspension, revocation or refusal to renew to the Police Commissioner, within 30 days of the date thereof, by attaching a copy of the suspension or revocation.

## § 316-12. Enforcement.
**[Added 10-16-2012 by Ord. No. 162-2012]** This chapter shall be enforced by the Police Department.