UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                               :

LLEWELLYN ANGELO WILLIAMS,       :

                 Plaintiff,        :       13-cv-3315 (NSR)

    -against-                  :

                               :       OPINION AND ORDER

THE CITY OF NEW ROCHELLE, THE CITY   :
OF NEW ROCHELLE POLICE DEPARTMENT,  :
SERGEANT DANIEL CONCA, SERGEANT   :
JOHN INZEO, SERGEANT KYLE WILSON,   :
POLICE OFFICER ADAM CASTIGLIA, POLICE :
OFFICER EDWARD SILLER,            :

                               :

              Defendants.       :
---------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

       Plaintiff Llewellyn Angelo Williams ("Plaintiff") commenced the instant action against

the City of New Rochelle, City of New Rochelle Police Department, Sergeant Daniel Conca,

Sergeant John Inzeo, Sergeant Kyle Wilson, Police Officer Adam Castiglia, and Police Officer

Edward Siller (collectively, "Defendants"), asserting federal claims under the Ninth and

Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.

       Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss

any and all claims raised in Plaintiff's fourth amended complaint that rose on or before October

6, 2011 based upon a General Release executed by Plaintiff. Defendants also move pursuant to

Federal Rule of Civil Procedure 12(e) requiring the Plaintiff to provide a more definite statement

of the remaining claims occurring after October 6, 2011. For the following reasons, Defendants'

motions are granted.

## I. THE FACTS



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2014

On October 6, 2011, Plaintiff, the City of New Rochelle, the New Rochelle Police Department, and various police officers executed a General Release whereby Plaintiff released and discharged the City of New Rochelle, the New Rochelle Police Department, and various police officers from any and all claims he "ever had, now have or which hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE including without limitation those arising from incidents which occurred on JUNE 25, 2005 and JANUARY 9, 2006." Def. Motion, Ex. C.

Plaintiff initiated this case *pro se* on May 16, 2013 and subsequently retained counsel. Plaintiff filed a fourth amended complaint on December 12, 2013. Plaintiff alleges events, in part, that pre-date his general release of October 6, 2011. For example, he challenges the 2008 award of the City of New Rochelle's contract with Safeway Towing and that "the awarding of contracts by the City of New Rochelle was not advertised." (*See* Fourth Amended Complaint, para. III, subparagraph C.) Plaintiff's counsel filed a notice of appearance on March 28, 2014.

On May 20, 2014, Defendants moved to dismiss any claims occurring prior to October 6, 2011 by virtue of Plaintiff's General Release. Defendants also moved for a more definite statement.

In his opposition, Plaintiff's counsel asserts that none of the claims asserted in the fourth amended complaint occurred before October 6, 2011. (Opp. at para. 3.) With respect to Defendants' motion for a more definite statement of the remaining claims in the fourth amended complaint, Plaintiff's counsel argues that such is unnecessary because the claims "raised by Plaintiff in the Fourth Amended Complaint are not indefinite or vague, but are very specific as to dates, times, places and the police officers involved." (Opp. at para. 6.)

**II. MOTION STANDARDS**

2

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When determining the plausibility of a complaint, "[i]n addition to allegations in the complaint itself, the Court may consider documents attached as exhibits and documents incorporated by reference in the complaint." *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 223 (S.D.N.Y. 2013) (citing *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011); *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008)).

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading if the pleading "is so vague or ambiguous, that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The movant must "point out the defects

complained of and the details desired." *Id.* As a general matter, Rule 12(e) motions are disfavored because they can be used as a tool for delay. *See, e.g., In re European Rail Pass Antitrust Litig.,* 166 F.Supp.2d 836, 844 (S.D.N.Y. 2001). But where "the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date," a more definite statement may be warranted. 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 336 (3d ed. 2004); *accord Casanova v. Ulibarri,* 595 F.3d 1120, 1125 (10th Cir. 2010) ("[T]he preferable procedure when a specific date could support a dispositive defense motion is to require the plaintiff to provide a more definite statement under Fed.R.Civ.P. 12(e).").

## III. DISCUSSION

As a preliminary matter, all of Plaintiff's claim against the New Rochelle Police Department are dismissed. *See East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y. 1992) ("As an agency of the City, the Police Department is not a suable entity [for suit under § 1983]."); *see also Fanelli v. Town of Harrison,* 46 F.Supp.2d 254, 257 (S.D.N.Y. 1999).

The General Release served as full and complete settlement of a separate state court action that Plaintiff filed against the City of New Rochelle, the New Rochelle Police Department, and various police officers. Plaintiff does not allege that he signed the General Release involuntarily or under duress. Plaintiff's sole argument against Defendants' motion to dismiss is that the fourth amendment complaint does not make allegations arising before the General Release of October 6, 2011. Accordingly, he appears to concede that any claims arising before October 6, 2011 are invalid. The General Release is a valid, enforceable legal document. *See*

*Bormann v. AT & T Commc'ns, Inc.,* 875 F.2d 399, 402–03 (2d Cir. 1989). Therefore, any of Plaintiff's current claims arising before October 6, 2011 are barred.

Plaintiff filed his fourth amended complaint *pro se*. As a *pro se* litigant, Plaintiff's pleadings were held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, this standard no longer applies now that Plaintiff is represented by counsel. Plaintiff's counsel denies that Plaintiff's fourth amended complaint is insufficiently definite. Given that Plaintiff now faces a higher pleading standard because he has retained counsel, the Court grants Plaintiff leave to file a fifth amended complaint. Plaintiff's fifth amended complaint should omit the New Rochelle Police Department, claims pre-dating October 6, 2011, and more particularize the remaining claims.

## IV. CONCLUSION

Defendants' motion to dismiss and motion for a more definite statement are GRANTED. Plaintiff should file a fifth amended complaint by June 30, 2014.

The Clerk of Court is respectfully requested to terminate this motion (Doc. No. 37).

Dated: May 29, 2014  
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge