**Department of Law**
*City Hall*
*(914) 654-2120*



*515 North Avenue*
*New Rochelle, NY 10801*
*Fax: (914) 654-2345*

**MARK W. BLANCHARD**
*Corporation Counsel*

**BRIAN J. POWERS**
*Deputy Corporation Counsel*

## City of New Rochelle
## New York

### May 4, 2015

**Via fax to (914) 997-0550**
**and by e-mail to** russellbsmithesq@aol.com

Russell B. Smith, Esq.
399 Knollwood Road, Suite 220
White Plains, New York 10603

Re:  Llewellyn Angelo Williams v. City of New Rochelle, et al.
13 CV 3315 (NSR)(JCM)

Dear Mr. Smith:

I am in receipt of the Plaintiff's recent discovery responses.  I am writing in a good faith attempt to resolve this matter without the need for further judicial intervention.

The Plaintiff's Response to Defendants' "Second Request for Production" which was served on January 13, 2015, more than three and a half months ago, is seriously deficient.  Not a single authorization has been provided.  In light of the amount of time since these demands were first served, the April 29, 2015 response that the various authorizations are being completed and signed by the Plaintiff is not acceptable.  In addition, Plaintiff in this latest response has not produced a single document, recording or video tape responsive to the demand.

With respect to the Plaintiff's response to the Defendants' Second set of Interrogatories, I am also writing with respect to the deficiencies in this response.

Interrogatory 1 requested as follows:  "Set forth each and every constitutional right that plaintiff claims was violated as alleged in paragraph 8 of the fifth amended complaint."  The response that "his rights as set forth under 42 U.S. Code 1981 have been violated in that he has not enjoyed the full and equal benefit of all laws and proceedings" is a conclusory response which fails to provide any of the requested particularity.  Similarly, the further part of the response which states that the Plaintiff "further alleges that under 42 USC 1983, he has been deprived of rights, privileges and immunities secured by the Constitution and Laws of the United States and New York State" is also a conclusory

response which fails to provide any of the requested particularity.  Please supplement this response to provide the particularity required.

Interrogatory 2 requested as follows:  "Set forth with specificity each and every incident of intimidation and harassment that plaintiff claims he was subjected to as alleged in paragraph 8 of the fifth amended complaint."  The response fails to set forth any specific instance of intimidation and harassment that plaintiff claims he was subjected to.  Please supplement this response to provide the particularity required.

Interrogatory 3 requested as follows:  "Set forth with specificity each and every incident as to how plaintiff has been unlawfully restrained and prevented by the Defendants from being a productive member of the business community as alleged in paragraph 8 of the fifth amended complaint."  The response to this demand was lumped into the response to demand 2 and likewise fails to set forth any specific instance as to how plaintiff has been unlawfully restrained and prevented by the Defendants from being a productive member of the business community.  Please supplement this response to provide the particularity required.

Interrogatory 4 requested as follows:  "Set forth with specificity the date, time, location and specific names of the New Rochelle Police Officers involved with respect to the allegations in paragraph 12 of the fifth amended complaint concerning the CVS lot."  The response to this demand only named the officer involved but failed to set forth any other of the required particulars, namely the date, time and location of the incident.  Please supplement this response to provide the particularity required.

Interrogatory 5 requested as follows:  "Set forth with specificity whether plaintiff contends that Safeway Towing is paid a higher fee for booting vehicles on private property as alleged in paragraph 16 of the fifth amended complaint."  The response to this demand states as follows:  "Plaintiff never contended that Safeway Towing is paid a higher fee for booting vehicles on private property."  As set forth in this demand, I draw your attention to paragraph 16 of the Fifth Amended Complaint, which sets forth, inter alia, as follows:  "The fees paid to Safeway Towing are much higher, for some inexplicable reason, than the fees paid to Plaintiff's company, for the same work."  Please supplement this response with respect to the allegations raised in paragraph 16 of the Fifth Amended Complaint or withdraw the claims set forth in paragraph 16 of the Fifth Amended Complaint.

Interrogatory 6 requested as follows:  "Set forth with specificity what business has been lost and what business contacts have been lost as a result of the conduct of the New Rochelle Police Department as alleged in paragraph 23 of the fifth amended complaint."  The response fails to set forth any specific facts showing what business has been lost and what business contacts have been lost as a result of the conduct of the New Rochelle Police Department that plaintiff claims.  Please supplement this response to provide the particularity required.

Interrogatory 7 requested as follows:  "Set forth with specificity each and every factual basis for the claim that plaintiff had been a victim of racial discrimination by the New Rochelle Police Department as alleged in paragraph 24 of the fifth amended complaint, including dates, times, locations and the persons involved."  The response fails to set forth any specific every factual basis for the claim that plaintiff had been a victim of racial discrimination.  The response that things occurred "on numerous occasions since and after October 6, 2011" is palpably improper. Please supplement this response to provide the particularity required.

Interrogatory 8 requested as follows: "Set forth with specificity each and every factual basis for the claim that plaintiff had been a victim of unfair treatment by the New Rochelle Police Department as alleged in paragraph 24 of the fifth amended complaint, including dates, times, locations and the persons involved." The response provides just two particular dates, those being February 3, 2012 and July 17, 2013. The further response that things occurred "on numerous occasions" is palpably improper. Defendants will object to any other dates or occasions in the event this response is not supplemented.

Interrogatory 9 requested as follows: "Set forth with specificity what rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments of the United States of America that the plaintiff had been deprived of by the Defendants as alleged in paragraph 25 of the fifth amended complaint." The response that "members of the New Rochelle Police Department have systematically engaged in a pattern of harassment and intimidation against Plaintiff Williams" fails to set forth any specific instance for this claim. Please supplement this response to provide the particularity required.

Interrogatory 10 requested as follows: "Set forth with specificity what rights, privileges and immunities as guaranteed 42 U.S.C 1981 that the plaintiff had been deprived of by the Defendants as alleged in paragraph 25 of the fifth amended complaint."

and

Interrogatory 11 requested as follows: "Set forth with specificity what rights, privileges and immunities as guaranteed 42 U.S.C 1983 that the plaintiff had been deprived of by the Defendants as alleged in paragraph 25 of the fifth amended complaint."

The Plaintiff's single response to these two demands refers to 42 U.S.C. 1981 and apparently limits the claim to Plaintiff's booting renewal process. However, plaintiff has failed to set forth the raced-based claim under 42 U.S.C. 1981. Please supplement this response to provide the particularity required.

In addition, Plaintiff's response concerning his claim alleged under 42 U.S.C. 1983 fails to set forth any rights, privileges and immunities as guaranteed 42 U.S.C 1983 that the plaintiff had been deprived of. Please supplement this response to provide the particularity required.

Please provide complete responses and all authorization and other items on or before May 11, 2015 so that a further conference with the Court can be avoided. I thank you in advance for your prompt attention to these requests.

Very truly yours,

BRIAN J. POWERS (BP-1992)
Deputy Corporation Counsel
(914) 654-2126

BJP/hs