UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LLEWELLYN ANGELO WILLIAMS

Plaintiff,

-against-

THE CITY OF NEW ROCHELLE
THE CITY OF NEW ROCHELLE POLICE DEPARTMENT
SERGEANT DANIEL CONCA
SERGEANT JOHN INZEO
SERGEANT KYLE WILSON
POLICE OFFICER ADAM CASTIGLIA
POLICE OFFICER EDWARD SILLER
CAPTAIN KEVIN KEALY
LIEUTENANT GEORGE MARSHALL
LIEUTENANT GARY ROBINSON

Defendants.

---------------------------------------------------------------x

**SUPPLEMENTAL SIXTH AMENDED COMPLAINT**

13- CV – 3315 (NSR)
ECF CASE

Plaintiff LLEWELLYN ANGELO WILLIAMS, by his attorney RUSSELL B. SMITH, Esq., complaining of the defendants, as and for his Supplemental Sixth Amended Complaint, respectfully alleges as follows :

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. 1981, 1983, 1988, Violations of his Civil Rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## Jurisdiction

2. This action is brought pursuant to 42 U.S.C. 1981, 1983, and 1988 and the Fourth and Fourteenth Amendments of the United States Constitution, Civil Rights Guaranteed under The United States Constitution, and Unfair Trade Practices. Jurisdiction is also founded upon 28 U.S.C. 1331, 1343 and 1367.

## Parties

3. Plaintiff Llewellyn Williams ( hereinafter referred to as " Plaintiff ") at all material times mentioned hereafter is a resident of the City of New Rochelle, County of Westchester, State of New York.

4. Defendant City of New Rochelle was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The New Rochelle Police Department, whose main responsibility is to protect the people of the City of New Rochelle, is the law enforcement arm of the City of New Rochelle.

6. At all times hereinafter mentioned, Defendants Sergeant Daniel Conca, Sergeant John Inzeo, Sergeant Kyle Wilson, Police Officer Adam Castiglia, and Police Officer Edward Siller were duly sworn police officers, acting under the supervision of the New Rochelle Police Department and according to their official duties.

7. All of the claims alleged by Plaintiff occurred after October 6, 2011, when Plaintiff executed a General Release

8. It is respectfully submitted that as a direct result of the conduct of the above-named members of the New Rochelle Police Department towards Plaintiff Williams, his constitutional rights and his civil rights as an American citizen have been violated. Llewellyn Amgelo Williams is an African-American and a small business owner who has been since 2011

repeatedly intimidated and harassed by The New Rochelle Police Department. Because of the conduct of The New Rochelle Police Department towards and against Plaintiff Williams, he has been unlawfully restrained and has been prevented from working as a productive member of the business community. Plaintiff, who like any other citizen, is entitled to equal protection under the law, has been treated unfairly by members of The New Rochelle Police Department.

9. Plaintiff Williams' work includes the towing and 'booting' of illegally parked automobiles from privately owned parking lots. A competitor in that line of work – Safeway Towing - has been awarded a contract with The City of New Rochelle whereby Safeway Towing is entitled to be paid $110.00 for 'booting' an automobile on municipally owned property. In addition to that fee, Safeway Towing is also entitled to be paid an additional $26.00 for placing a sticker on the same vehicle. In contrast, Plaintiff Williams is entitled to be paid only $45.00 for 'booting' an illegally parked automobile and Plaintiff Williams is not entitled to receive any further payment for placing a sticker on an illegally parked automobile.

10. Safeway Towing has had the contract to tow and 'boot' automobiles on municipally owned property in The City of New Rochelle for over thirty-five years. Safeway Towing by virtue of that contract, is paid approximately three times as much as Plaintiff Williams is paid for providing the exact same service. A uniformed member of The New Rochelle Police Department is dispatched to the location whenever a Safeway driver calls The New Rochelle Police Department to inform them that he is 'booting' or towing an automobile. An officer is never dispatched when Plaintiff calls The New Rochelle Police Department to inform them that he is 'booting' an automobile.

11. Plaintiff Williams has gone before The New Rochelle City Council two times since October 6, 2011, and requested a raise in the amount that he is entitled to charge to tow and

'boot' illegally parked automobiles. Both times the New Rochelle City Council denied Plaintiff's request.

12. After October 6, 2011, Plaintiff Williams was retained by CVS Pharmacy to 'boot' illegally parked automobiles in the CVS parking lot. Prior to that, Safeway Towing had been towing and 'booting' automobiles in that parking lot. When Plaintiff commenced working at that location, he put up his own signs with his company name – Avalon Towing – directly over the signs Safeway Towing had placed. The New Rochelle Police Department immediately appeared at that location and claimed that the signs that Plaintiff Williams had posted were illegal and had to be moved to a new location.

13. By law, the New Rochelle Police Department is required to be called when an automobile is being towed or 'booted'. Since October 6, 2011, members of The New Rochelle Police Department are always present when Safeway Towing tows or 'boots' an automobile on municipal property. This prevents potential problems arising from persons whose automobiles are being towed or 'booted'. In contrast, members of the New Rochelle Police Department are never present at the scene when Plaintiff Williams 'boots' an illegally parked automobile.

14. The City of New Rochelle has recently (subsequent to October 6, 2011) enacted new laws – specifically New Rochelle Municipal Code 316 – which severely limit Plaintiff's ability to work at his chosen profession. New Rochelle Municipal Code 316 sets forth nineteen types of vehicles that cannot be 'booted' under any circumstances, even when parked illegally on private property. The Code also requires the operator to remove a 'boot' within fifteen minutes of being contacted. For a small business owner like Plaintiff, who works in several different jurisdictions, that is not possible. It is respectfully submitted that that New Rochelle Municipal Code 316 is specifically targeting Plaintiff Williams and is intended to put

Plaintiff Williams out of business. ( Plaintiff Exhibit A – Copy of New Rochelle Municipal Code 316 ; Plaintiff Exhibit A-1 – Llewellyn Angelo Williams letter to Judge Roman dated January 30, 2014, attached ).

15. On several occasions since and after October 6, 2011 members of The New Rochelle Police Department have threatened Plaintiff Williams with arrest where he has legally 'booted' vehicles, and he has been forced and intimidated by New Rochelle Police Officers into removing legally 'booted' automobiles. On numerous occasions Plaintiff and his company have been cited for violations of the New Rochelle City Code, including Municipal Code Section 316. Several of those cases are pending in the New Rochelle City Court. Upon information and belief, Safeway Towing and its employees have never been cited for violating such provisions.

16. The fees paid to Safeway Towing are much higher, for some inexplicable reason, than the fees paid to Plaintiff's company, for the same work. To legally tow an automobile in The City of New Rochelle, the towing company is required to have an insurance policy of at least two million dollars. Plaintiff had previously hired outside companies to tow vehicles from the parking lots where he works in the City of New Rochelle. Under the new laws, the companies previously used by Plaintiff Williams can no longer tow automobiles in The City of New Rochelle because they cannot afford to pay that amount, and Plaintiff is therefore being prevented from conducting a large part of his business. Due to the implementation of the new laws, the City of New Rochelle has permitted Safeway Towing and Haulage to become a virtual monopoly. It is respectfully submitted that the adoption of these new laws by The City of New Rochelle is retaliatory conduct aimed specifically at Plaintiff Williams. ( Plaintiff Exhibit 'B' attached – Grievance ).

17. On July 17, 2013, Plaintiff had legally 'booted' an automobile that was parked in a private parking lot at 99 Union Avenue in New Rochelle. There were no license plates on the automobile. The automobile had been owned by plaintiff's mother, who had recently passed away. Plaintiff placed the 'boot' on the automobile to safeguard the automobile until the matter of who was the rightful owner was resolved in Surrogates Court in Westchester County. Plaintiff's brother was paying for the parking space in the lot where the vehicle was parked. Officer Adam Castiglia and Officer Edward Siller arrived at the scene of the private parking lot where the automobile was parked and ordered Plaintiff to remove the 'boot'. Plaintiff's sister Felicia Rosenbaum was present, and Ms. Rosenbaun had called The New Rochelle Police Department, claiming that her mother had given her the automobile. There was no paperwork or proof of Ms. Felicia Rosenbaum's claim. Plaintiff informed Officers Castiglia and Siller that it was his intention to leave the 'boot' on the automobile until the Westchester County Surrogates Court resolved the matter. Officer Siller and Castiglia informed Plaintiff that if he did not remove the 'boot' immediately, he would be arrested. Plaintiff then removed the 'boot', and Felicia Rosenbaum was then permitted to drive the automobile away from the scene without license plates.

18. Plaintiff visited The New Rochelle Police Department after this incident and reported what had taken place. The vehicle in question was never seen again by Plaintiff. The case involving the automobile was owned by Plaintiff's mother is still pending in Surrogates Court. Sergeant Kyle Wilson subsequently called Plaintiff on the telephone and Sergeant Wilson told plaintiff that he should not have 'booted' an automobile that was parked on a <u>public street</u>. In fact, the vehicle had been parked in a private lot. If Sergeant Wilson had read Plaintiff's written statement, or the police reports that were generated as a result of this incident, Sergeant

Wilson would have known that the automobile was not parked on the public street, but in a private parking lot, in a space that plaintiff's brother had paid for. ( Plaintiff Exhibit C , copy of police report ; Plaintiff Exhibit C-1 Civilian Complaint of Plaintiff - attached ).

19. It is respectfully submitted that the above incident as well as a subsequent incident clearly illustrate the prejudice and bias that The New Rochelle Police Department has demonstrated towards Plaintiff Williams and his company Avalon Towing for a number of years, and continue to demonstrate to date.

20. On March 2, 2013 Plaintiff Williams lawfully 'booted' an automobile that was unlawfully parked in the parking lot located at 466 Main Street in New Rochelle. There was no type of permit on the vehicle at the time Plaintiff affixed the 'boot'. Subsequent to Plaintiff affixing the 'boot' to the illegally parked vehicle in the lot at 466 Main Street, the owner of the automobile, Victoria Sherman, appeared at the scene. The owner then removed a permit from another automobile that was parked in the same lot, placed the permit on the dashboard of the automobile Plaintiff had 'booted', and called The New Rochelle Police Department. Sergeant John Inzeo responded to that scene. Sergeant Inzeo ordered Plaintiff to remove the 'boot' from Ms. Sherman's vehicle. Sergeant Inzeo further informed Plaintiff that he would not be paid for the 'boot' that Plaintiff had lawfully placed on Ms. Sherman's car. Plaintiff had properly and lawfully done the work he had been hired to do in a parking lot where Plaintiff was being paid to enforce the regulations, and Plaintiff was denied proper payment by a uniformed member of The New Rochelle Police Department. ( Plaintiff Exhibit 'D' - Copy of report attached).

21. In late 2011, Plaintiff Williams was hired by the CVS pharmacy located at 625 North Avenue in New Rochelle. Safeway Towing and Haulage had been 'booting' and towing illegally parked vehicles in that parking lot for approximately six years until Plaintiff

Williams' company Avalon Towing was hired. Safeway had conspicuously posted signs in that parking lot prohibiting illegal parking, and those signs had been in place for years. After he was hired, Plaintiff placed signs for his company – Avalon Towing – directly over the signs that Safeway Towing had previously posted. The New Rochelle Police department was aware of where the signs were and who had posted the signs.

22. On February 3, 2012, Sergeant Daniel Conca of The New Rochelle Police Department arrived at the CVS parking lot at 625 North Avenue and ordered Plaintiff to remove a 'boot' from an automobile that was parked illegally in the lot. Sergeant Conca then proceeded to meet with CVS employees, and Sergeant Conca advised the CVS employees, while Plaintiff was present, that the signs that Plaintiff had put up in the CVS lot had to be moved, despite the fact that the Safeway signs had been in the exact locations for years and the New Rochelle Police Department took no action against Safeway. Sergeant Conca further advised the CVS representatives that he would issue New Rochelle City Code violations to CVS if Plaintiff was allowed to 'boot' any more automobiles in that parking lot. ( Plaintiff Exhibit 'E' ;Copy of police report attached).

23. On January 10, 2015 at approximately 9:44 p.m., Plaintiff Williams was working in the parking lot located at 277 North Avenue in the City of New Rochelle. There were several illegally parked vehicles in the lot. Plaintiff called in to the New Rochelle Police Department to report the boots that he was affixing to the illegally parked vehicles in the lot that he was responsible for. Plaintiff was informed at that time that the Desk Sergeant had issued an order that Plaintiff was required to call in only one boot for each telephone call, and that each 'boot' required a separate telephone call. Numerous New Rochelle police vehicles subsequently arrived at that parking lot at 277 North Avenue and confronted Plaintiff, who was trying to do his

job. This incident was recorded by Plaintiff on video and audio recordings. When Plaintiff then drove to the New Rochelle Police Department to file a complaint, he was charged with three separate New Rochelle City Code violations. This is a stark example of the type of illegal harassment that Plaintiff has been subjected to by members of the New Rochelle Police Department for years. ( Plaintiff Exhibit 'F' Copy of Plaintiff letter re: January 10, 2014 incident at 277 North Avenue attached ).

24. On May 2, 2015 at approximately 5:21 p.m., Plaintiff Williams was working in the parking lot at 491 main Street in New Rochelle and he called in to the New Rochelle Police Department to report that he was booting two illegally parked automobiles. A female New Rochelle Police Officer subsequently pulled into the lot and was having a conversation with Plaintiff Williams, when Sergeant Conca arrived at the scene. Sergeant Conca ordered the female police officer to write Plaintiff summonses for violations of the City Code. ( Plaintiff Exhibit 'G' attached ).

25. On May 17, 2015 at approximately 4:45 p.m., Plaintiff called in to the New Rochelle Police Department to report two illegally parked vehicles in the lot at 491 Main Street in New Rochelle. A police officer immediately arrived at the scene and cited Plaintiff for violating the New Rochelle City Code- calling in multiple boots with a single call. Plaintiff apparently is now required to call in one boot, hang up, and call back for each illegally parked vehicle. When Plaintiff does call back to the New Rochelle Police Department, the phone is often not answered, or he is put on 'hold' for a long period of time. As a result of the illegal and unfair conduct by members of the New Rochelle Police Department directed towards Plaintiff, Plaintiff's has suffered a significant loss of income. He is forced to respond to court to answer the summonses that he has repeatedly been issued. The New Rochelle Police Department is

interpreting the law according to their own terms in order to justify issuing violations to Plaintiff. Plaintiff had been in business for approximately nineteen years, and had been calling in boots during that entire time. ( Plaintiff Exhibit 'H' attached ). For many years, Plaintiff has been forced, due to the conduct of members of the New Rochelle Police Department, to work in a hostile work environment. As late as June 21, 2015, Plaintiff has continued to be harassed by members of The New Rochelle Police Department and cited for violating provisions of the New Rochelle City Code, when in reality Plaintiff is merely engaging in lawful business practices, as he has for many years. ( Plaintiff Exhibit 'I' Civilian Complaint Form dated June 24,2014 attached ).

26. For years, and on dozens of different occasions, before and after the original Complaint was filed, Plaintiff has personally gone to the New Rochelle Police Department Headquarters and met with Captain Kevin Kealy, and addressed police misconduct against him. Plaintiff has also met with Lieutenant Gary Robinson of the New Rochelle Police Department in person more than one dozen times with allegations of police misconduct by members of the New Rochelle Police Department after the Fifth Amended Complaint was filed June 27, 2014. Over the past three years, Plaintiff has spoken with Lieutenant George Marshall of the New Rochelle Police Department on numerous occasions alleging police misconduct.

27. The conduct of The New Rochelle Police Department and the above-named members of that Department have caused Plaintiff to lose business and to lose business contacts. The illegal conduct against Plaintiff has not abated since Plaintiff filed a lawsuit, in fact quite the opposite, as evidenced by the attached reports. The New Rochelle Police Department and the above-named members of The New Rochelle Police Department have spoken with and

convinced business owners and property owners in The City of New Rochelle to cease doing business with Plaintiff and Plaintiff's company Avalon Towing.

28. Plaintiff has always, during the entire course of his business career, engaged in lawful business practices. Plaintiff respectfully submits that, as an African-American, he has been a victim of racial discrimination and unfair treatment by The New Rochelle Police Department. Plaintiff's reputation in the business community has been irreparably damaged, as has Plaintiff's ability to earn a living in his profession.

29. The aforementioned acts of defendants deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the United States of America, and in violation of 42 U.S.C. 1981 and 1983.

30. The acts complained of were carried out by the aforementioned defendants in their capacities as New Rochelle Police Officers, with the entire actual and/or apparent authority attendant thereto.

31. As a result of the foregoing, Plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the defendants, plus reasonable attorney's fees, costs and disbursements of this action. Plaintiff is seeking $20,000,000.00.

**WHEREFORE,** Plaintiff demands judgment and prays for the following relief against the Defendants ;

(A) Full and fair compensatory damages ;

(B) Punitive damages against the individually named defendants;

(C) Reasonable attorney's fees and the costs and disbursements of this action; and

(D) Such other and further relief as appears just and proper.

Dated : White Plains New York
August 6, 2015

By: ______________________
RUSSELL B. SMITH, ESQ.
399 Knollwood Road Ste 220
White Plains, New York 10603
Attorney for Plaintiff
Llewellyn Angelo Williams

To: Brian J. Powers
Deputy Corporation Counsel
515 North Avenue
New Rochelle, New York 10801
(914) 997-0555