# RUSSELL B. SMITH
Attorney At Law
399 Knollwood Road, Suite 220
White Plains, New York 10603
(914) 997- 0555 (t)
(914) 997-0550 (f)

Magistrate Judge Judith C. McCarthy  August 13, 2015
The Hon. Charles L. Brient Jr.
Federal Building and Courthouse
Southern District of New York
300 Quarropas Street
White Plains New York

       Re:  Williams v. The City of New Rochelle, et al
            13 CV 3315 (NSR)
            ECF Case

Dear Magistrate Judge McCarthy,

       I am respectfully requesting leave to file a Supplemental Sixth Amended Complaint on the above-referenced case, Llewellyn Angelo Williams against The City of New Rochelle, et.al. (copy of Supplemental Sixth Amended Complaint attached as exhibit).

       During the course of my representation of Plaintiff on this matter and my continuing discussions and meetings with Plaintiff Williams, and my review of the extensive documentation, I have become aware of certain things that have occurred between Plaintiff Williams and members of the New Rochelle Police Department that I was not aware of at the time the first Complaint was filed. As reflected in the proposed Supplemental Sixth Amended Complaint, there have also been several incidents that have occurred involving Plaintiff Williams and members of the New Rochelle Police Department after the initial filing.

       Rule 15 allows a party to <u>amend</u> its pleading after it has been filed with the court. In keeping with the flexibility of the federal rules, Rule 15 is generous. In the instant case, Plaintiff has become aware of new and important information with regard to the claims alleged, and is seeking to amend the pleading, and add new claims and new parties accordingly. Plaintiff respectfully submits to the Court that the amendments are made in good faith and the Court should grant leave in this case, as justice so demands.

       Pursuant to Rule 15(d), <u>amended</u> pleadings allow a party to add claims or parties based on facts that occurred before the original pleading was filed. It was only after certain documents were provided by the New Rochelle Police Department, and after Plaintiff had made FOIL requests, that counsel became aware of exactly how extensive Plaintiff's dealings were with certain members of the Department. Plaintiff is seeking leave to <u>amend</u> the Complaint to add the names of Captain Kevin Kealy and Lieutenant George Marshall.

       Rule 15(d) allows parties to <u>supplement</u>, or add claims to their original pleading for facts that have arisen after the date the original complaint was filed. As set forth in the Supplemental Sixth Amended Complaint, several such incidents have taken place and been documented (see Plaintiff's Exhibit F, Plaintiff's Exhibit G, Plaintiff's Exhibit H, and Plaintiff's Exhibit I for examples). The problem that exists between Plaintiff Williams and the New Rochelle Police Department has been ongoing for years, and in fact is ongoing to this day. Plaintiff has set forth, in

just terms, why Plaintiff should be permitted to serve a supplemental pleading setting out incidents and events that occurred after the date that the original Complaint was served and filed.

Plaintiff has met with Captain Kevin Kealy of the New Rochelle Police Department numerous times at the New Rochelle Police Department, both before and after the time that the original Complaint was filed, concerning Plaintiff's allegations of police misconduct against various members of the Department. Despite Plaintiff's allegations that were made directly and in person to Captain Kealy, and the fact that Plaintiff cited numerous examples of police misconduct against Plaintiff, no action was taken against any police officers. Plaintiff seeks to amend its pleading to add Captain Kevin Kealy as a named defendant.

Plaintiff met with Lieutenant Gary Robinson of the New Rochelle Police Department in person numerous times concerning Plaintiff's allegations of police misconduct against various officers. Lieutenant Robinson is in charge of the Internal Affairs Division of the New Rochelle Police Department. Plaintiff's meetings with Lieutenant Robinson took place after June 27, 2014, the date the Fifth Amended Complaint was filed. Plaintiff showed videotapes and recordings of members of the New Rochelle Police Department that Plaintiff personally recorded to Lieutenant Robinson. No actions were taken against any officers. Plaintiff seeks to supplement the pleading to add Lieutenant Gary Robinson as a named defendant.

Plaintiff has met with Lieutenant George Marshall of the New Rochelle Police Department numerous times concerning Plaintiff's allegations of police misconduct. These meetings took place before and after June 27, 2014. Plaintiff has complained to Lieutenant Marshall about numerous instances of police misconduct, including the New Rochelle Police Department writing charges against Plaintiff for City Code violations ( see Plaintiff Exhibit 'F' ), and Police Department members threatening to arrest Plaintiff if he did not remove a 'boot' from an illegally parked vehicle ( see Plaintiff Exhibit 'D' ). Upon information and belief, no action was ever taken by Lieutenant Marshall against any officers named by Plaintiff. Plaintiff seeks to amend and supplement its pleading to add Lieutenant George Marshall as a named defendant.

Dated : White Plains New York
August 13, 2015

By: _____
RUSSELL B. SMITH, ESQ.
399 Knollwood Road Ste 220
White Plains, New York 10603
Attorney for Plaintiff
Llewellyn Angelo Williams

To: Brian J. Powers
Deputy Corporation Counsel
515 North Avenue
New Rochelle, New York 10801
(914) 997-0555