UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LLEWELLYN ANGELO WILLIAMS

                               Plaintiff,

       -against-

THE CITY OF NEW ROCHELLE
THE CITY OF NEW ROCHELLE POLICE
DEPARTMENT
SERGEANT DANIEL CONCA
SERGEANT JOHN INZEO
SERGEANT KYLE WILSON
POLICE OFFICER ADAM CASTIGLIA
POLICE OFFICER EDWARD SILLER

                             Defendants.

-------------------------------------------------------------x

**SUPPLEMENTAL SIXTH
AMENDED COMPLAINT**

13- CV – 3315  (NSR)
ECF CASE

       Plaintiff LLEWELLYN ANGELO WILLIAMS, by his attorney RUSSELL B. SMITH, Esq., complaining of the defendants, as and for his Supplemental Sixth Amended Complaint, respectfully alleges as follows :

### Preliminary Statement

       1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. 1981, 1983, 1988, Violations of his Civil Rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## Jurisdiction

2. This action is brought pursuant to 42 U.S.C. 1981, 1983, and 1988 and the Fourth and Fourteenth Amendments of the United States Constitution, Civil Rights Guaranteed under The United States Constitution, and Unfair Trade Practices. Jurisdiction is also founded upon 28 U.S.C. 1331, 1343 and 1367.

## Parties

3. Plaintiff Llewellyn Williams ( hereinafter referred to as " Plaintiff ") at all material times mentioned hereafter is a resident of the City of New Rochelle, County of Westchester, State of New York.

4. Defendant City of New Rochelle was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The New Rochelle Police Department, whose main responsibility is to protect the people of the City of New Rochelle, is the law enforcement arm of the City of New Rochelle.

6. At all times hereinafter mentioned, Defendants Sergeant Daniel Conca, Sergeant John Inzeo, Sergeant Kyle Wilson, Police Officer Adam Castiglia, and Police Officer Edward Siller were duly sworn police officers, acting under the supervision of the New Rochelle Police Department and according to their official duties.

7. All of the claims alleged by Plaintiff occurred after October 6, 2011, when Plaintiff executed a General Release

8. It is respectfully submitted that as a direct result of the conduct of the above-named members of the New Rochelle Police Department towards Plaintiff Williams, his constitutional rights and his civil rights as an American citizen have been violated. Llewellyn Amgelo Williams is an African-American and a small business owner who has been since 2011

repeatedly intimidated and harassed by The New Rochelle Police Department. Because of the conduct of The New Rochelle Police Department towards and against Plaintiff Williams, he has been unlawfully restrained and has been prevented from working as a productive member of the business community. Plaintiff, who like any other citizen, is entitled to equal protection under the law, has been treated unfairly by members of The New Rochelle Police Department.

9. Plaintiff Williams' work includes the towing and 'booting' of illegally parked automobiles from privately owned parking lots. A competitor in that line of work – Safeway Towing - has been awarded a contract with The City of New Rochelle whereby Safeway Towing is entitled to be paid $110.00 for 'booting' an automobile on municipally owned property. In addition to that fee, Safeway Towing is also entitled to be paid an additional $26.00 for placing a sticker on the same vehicle. In contrast, Plaintiff Williams is entitled to be paid only $45.00 for 'booting' an illegally parked automobile and Plaintiff Williams is not entitled to receive any further payment for placing a sticker on an illegally parked automobile.

10. Safeway Towing has had the contract to tow and 'boot' automobiles on municipally owned property in The City of New Rochelle for over thirty-five years. Safeway Towing by virtue of that contract is paid approximately three times as much as Plaintiff Williams is paid for providing the exact same service. A uniformed member of The New Rochelle Police Department is dispatched to the location whenever a Safeway driver calls The New Rochelle Police Department to inform them that he is 'booting' or towing an automobile. In the past, a police officer was never dispatched when Plaintiff called The New Rochelle Police Department to inform them that he was 'booting' an automobile. However, since the New Rochelle Police Department has begun to enforce their own regulation - that only one 'boot' can be called in at a time - uniformed officers have regularly appeared at the locations where Plaintiff is working, and

Plaintiff has been issued tickets for violations of the New Rochelle City Code. ( Plaintiff Exhibits F – I ).

11. Plaintiff Williams has gone before The New Rochelle City Council two times since October 6, 2011, and requested a raise in the amount that he is entitled to charge to tow and 'boot' illegally parked automobiles. Both times the New Rochelle City Council denied Plaintiff's request.

12. After October 6, 2011, Plaintiff Williams was retained by CVS Pharmacy to 'boot' illegally parked automobiles in the CVS parking lot. Prior to that, Safeway Towing had been towing and 'booting' automobiles in that parking lot. When Plaintiff commenced working at that location, he put up his own signs with his company name – Avalon Towing – directly over the signs Safeway Towing had placed. The New Rochelle Police Department immediately appeared at that location and claimed that the signs that Plaintiff Williams had posted were illegal and had to be moved to a new location.

13. By law, the New Rochelle Police Department is required to be called when an automobile is being towed or 'booted'. Since October 6, 2011, members of The New Rochelle Police Department are always present when Safeway Towing tows or 'boots' an automobile on municipal property. This prevents potential problems arising from persons whose automobiles are being towed or 'booted'. In contrast, members of the New Rochelle Police Department were practically never present at the scene when Plaintiff Williams 'booted' an illegally parked automobile, until the Department began the policy that only one 'boot' could be called in at a time.

14. The City of New Rochelle has recently (subsequent to October 6, 2011) enacted new laws – specifically New Rochelle Municipal Code 316 – which severely limits

Plaintiff's ability to work at his chosen profession. New Rochelle Municipal Code 316 sets forth nineteen types of vehicles that cannot be 'booted' under any circumstances, even when parked illegally on private property. The Code also requires the operator to remove a 'boot' within fifteen minutes of being contacted. For a small business owner like Plaintiff, who works in several different jurisdictions, that is not possible. It is respectfully submitted that that New Rochelle Municipal Code 316 is specifically targeting Plaintiff Williams, and is intended to put Plaintiff Williams out of business. ( Plaintiff Exhibit A – Copy of New Rochelle Municipal Code 316 ; Plaintiff Exhibit A-1 – Llewellyn Angelo Williams letter to Judge Roman dated January 30, 2014, attached ).

15. On several occasions since and after October 6, 2011 members of The New Rochelle Police Department have threatened Plaintiff Williams with arrest where he has legally 'booted' vehicles, and he has been forced and intimidated by New Rochelle Police Officers into removing legally 'booted' automobiles. On numerous occasions Plaintiff and his company have been cited for violations of the New Rochelle City Code, including Municipal Code Section 316. Several of those cases are pending in the New Rochelle City Court. Upon information and belief, Safeway Towing and its employees have <u>never</u> been cited for violating such provisions.

16. The fees paid to Safeway Towing are much higher, for some inexplicable reason, than the fees paid to Plaintiff's company, for the same work. To legally tow an automobile in The City of New Rochelle, the towing company is required to have an insurance policy of at least two million dollars. Plaintiff had previously hired outside companies to tow vehicles from the parking lots where he works in the City of New Rochelle.   Under the new laws, the companies previously used by Plaintiff Williams can no longer tow automobiles in The City of New Rochelle because they cannot afford to pay that amount, and Plaintiff is therefore

being prevented from conducting a large part of his business. Due to the implementation of the new laws, the City of New Rochelle has permitted Safeway Towing and Haulage to become a virtual monopoly. It is respectfully submitted that the adoption of these new laws by The City of New Rochelle is retaliatory conduct aimed specifically at Plaintiff Williams. ( Plaintiff Exhibit 'B' attached – Grievance ).

   17. On July 17, 2013, Plaintiff had legally 'booted' an automobile that was parked in a private parking lot at 99 Union Avenue in New Rochelle. There were no license plates on the automobile. The automobile had been owned by plaintiff's mother, who had recently passed away. Plaintiff placed the 'boot' on the automobile to safeguard the automobile until the matter of who was the rightful owner was resolved in Surrogates Court in Westchester County. Plaintiff's brother was paying for the parking space in the lot where the vehicle was parked. Officer Adam Castiglia and Officer Edward Siller arrived at the scene of the private parking lot where the automobile was parked and ordered Plaintiff to remove the 'boot'. Plaintiff's sister Felicia Rosenbaum was present, and Ms. Rosenbaum had called The New Rochelle Police Department, claiming that her and Plaintiff's mother – Alice Williams - had given her the automobile. There was no paperwork or proof of Ms. Felicia Rosenbaum's claim. Plaintiff informed Officers Castiglia and Siller that it was his intention to leave the 'boot' on the automobile until the Westchester County Surrogates Court resolved the matter. Officer Siller and Castiglia informed Plaintiff that if he did not remove the 'boot' immediately, he would be arrested. Plaintiff then removed the 'boot', and Felicia Rosenbaum was then permitted to drive the automobile away from the scene without license plates. No paperwork was ever filed in Westchester County Surrogates Court concerning the automobile that had belonged to Ms. Alice Williams.

18. Plaintiff visited The New Rochelle Police Department after this incident and reported what had taken place. The vehicle in question was never seen again by Plaintiff. Sergeant Kyle Wilson subsequently called Plaintiff on the telephone and Sergeant Wilson told plaintiff that he should not have 'booted' an automobile that was parked on a public street. In fact, the vehicle had been parked in a private lot. If Sergeant Wilson had read Plaintiff's written statement, or the police reports that were generated as a result of this incident, Sergeant Wilson would have known that the automobile was not parked on the public street, but in a private parking lot, in a space that plaintiff's brother had paid for. ( Plaintiff Exhibit C , copy of police report ; Plaintiff Exhibit C-1 Civilian Complaint of Plaintiff ; Plaintiff Exhibit C-2, letter from Westchester County Surrogate's Court attached ).

19. It is respectfully submitted that the above incident as well as a subsequent incident clearly illustrate the prejudice and bias that The New Rochelle Police Department has demonstrated towards Plaintiff Williams and his company Avalon Towing for a number of years, and continue to demonstrate to date.

20. On March 2, 2013 Plaintiff Williams lawfully 'booted' an automobile that was unlawfully parked in the parking lot located at 466 Main Street in New Rochelle. There was no type of permit on the vehicle at the time Plaintiff affixed the 'boot'. Subsequent to Plaintiff affixing the 'boot' to the illegally parked vehicle in the lot at 466 Main Street, the owner of the automobile, Victoria Sherman, appeared at the scene. The owner then removed a permit from another automobile that was parked in the same lot, placed the permit on the dashboard of the automobile Plaintiff had 'booted', and called The New Rochelle Police Department. Sergeant John Inzeo responded to that scene. Sergeant Inzeo ordered Plaintiff to remove the 'boot' from Ms. Sherman's vehicle. Sergeant Inzeo further informed Plaintiff that he would not be paid for

the 'boot' that Plaintiff had lawfully placed on Ms. Sherman's car. Plaintiff had properly and lawfully done the work he had been hired to do in a parking lot where Plaintiff was being paid to enforce the regulations, and Plaintiff was denied proper payment by a uniformed member of The New Rochelle Police Department. ( Plaintiff Exhibit 'D' - Copy of report attached).

21. In late 2011, Plaintiff Williams was hired by the CVS pharmacy located at 625 North Avenue in New Rochelle. Safeway Towing and Haulage had been 'booting' and towing illegally parked vehicles in that parking lot for approximately six years until Plaintiff Williams' company Avalon Towing was hired. Safeway had conspicuously posted signs in that parking lot prohibiting illegal parking, and those signs had been in place for years. After he was hired, Plaintiff placed signs for his company – Avalon Towing – directly over the signs that Safeway Towing had previously posted. The New Rochelle Police department was aware of where the signs were and who had posted the signs.

22. On February 3, 2012, Sergeant Daniel Conca of The New Rochelle Police Department arrived at the CVS parking lot at 625 North Avenue and ordered Plaintiff to remove a 'boot' from an automobile that was parked illegally in the lot. Sergeant Conca then proceeded to meet with CVS employees, and Sergeant Conca advised the CVS employees, while Plaintiff was present, that the signs that Plaintiff had put up in the CVS lot had to be moved, despite the fact that the Safeway signs had been in the exact locations for years and the New Rochelle Police Department took no action against Safeway. Sergeant Conca further advised the CVS representatives that he would issue New Rochelle City Code violations to CVS if Plaintiff was allowed to 'boot' any more automobiles in that parking lot. ( Plaintiff Exhibit 'E' ;Copy of police report attached).

23. On January 10, 2015 at approximately 9:44 p.m., Plaintiff Williams was working in the parking lot located at 277 North Avenue in the City of New Rochelle. There were several illegally parked vehicles in the lot. Plaintiff called in to the New Rochelle Police Department to report the boots that he was affixing to the illegally parked vehicles in the lot that he was responsible for. Plaintiff was informed at that time that the Desk Sergeant had issued an order that Plaintiff was required to call in only one boot for each telephone call, and that each 'boot' required a separate telephone call. Numerous New Rochelle police vehicles subsequently arrived at that parking lot at 277 North Avenue and confronted Plaintiff, who was trying to do his job. This incident was recorded by Plaintiff on video and audio recordings. When Plaintiff then drove to the New Rochelle Police Department to file a complaint, he was charged with three separate New Rochelle City Code violations. This is a stark example of the type of illegal harassment that Plaintiff has been subjected to by members of the New Rochelle Police Department for years. ( Plaintiff Exhibit 'F' Copy of Plaintiff letter re: January 10, 2014 incident at 277 North Avenue attached ).

24. On May 2, 2015 at approximately 5:21 p.m., Plaintiff Williams was working in the parking lot at 491 main Street in New Rochelle and he called in to the New Rochelle Police Department to report that he was booting two illegally parked automobiles. A female New Rochelle Police Officer subsequently pulled into the lot and was having a conversation with Plaintiff Williams, when Sergeant Conca arrived at the scene. Sergeant Conca ordered the female police officer to write Plaintiff summonses for violations of the City Code. ( Plaintiff Exhibit 'G' attached ).

25. On May 17, 2015 at approximately 4:45 p.m., Plaintiff called in to the New Rochelle Police Department to report two illegally parked vehicles in the lot at 491 Main Street

in New Rochelle. A police officer immediately arrived at the scene and cited Plaintiff for violating the New Rochelle City Code- calling in multiple boots with a single call. Plaintiff apparently is now required to call in one boot, hang up, and call back for each illegally parked vehicle. When Plaintiff does call back to the New Rochelle Police Department, the phone is often not answered, or he is put on 'hold' for a long period of time. As a result of the illegal and unfair conduct by members of the New Rochelle Police Department directed towards Plaintiff, Plaintiff's has suffered a significant loss of income. He is forced to respond to court to answer the summonses that he has repeatedly been issued. The New Rochelle Police Department is interpreting the law according to their own terms in order to justify issuing violations to Plaintiff. Plaintiff had been in business for approximately nineteen years, and had been calling in boots during that entire time. ( Plaintiff Exhibit 'H' attached ). For many years, Plaintiff has been forced, due to the conduct of members of the New Rochelle Police Department, to work in a hostile work environment. As late as June 21, 2015, Plaintiff has continued to be harassed by members of The New Rochelle Police Department and cited for violating provisions of the New Rochelle City Code, when in reality Plaintiff is merely engaging in lawful business practices, as he has for many years. (Plaintiff Exhibit 'I' Civilian Complaint Form dated June 24,2014 attached ).

26. For years, and on dozens of different occasions, before and after the original Complaint was filed, Plaintiff has personally gone to the New Rochelle Police Department Headquarters and met with Captain Kevin Kealy, and addressed police misconduct against him. Plaintiff has also met with Lieutenant Gary Robinson of the New Rochelle Police Department in person more than one dozen times with allegations of police misconduct by members of the New Rochelle Police Department after the Fifth Amended Complaint was filed June 27, 2014. Over

the past three years, Plaintiff has spoken with Lieutenant George Marshall of the New Rochelle Police Department on numerous occasions alleging police misconduct. On June 25, 2015 The New Rochelle Police Department sent letters to plaintiff Williams – all dated June 25, 2015, stating that his complaints had been investigated and that there was insufficient evidence to substantiate the complaint. (Plaintiff Exhibit 'J' – Four letters from Lieutenant Gary Robinson).

27. The conduct of The New Rochelle Police Department and the above-named members of that Department have caused Plaintiff to lose business and to lose business contacts. The illegal conduct against Plaintiff has not abated since Plaintiff filed a lawsuit, in fact quite the opposite, as evidenced by the attached reports. The New Rochelle Police Department and the above-named members of The New Rochelle Police Department have spoken with and convinced business owners and property owners in The City of New Rochelle to cease doing business with Plaintiff and Plaintiff's company Avalon Towing.

28. Plaintiff has always, during the entire course of his business career, engaged in lawful business practices. Plaintiff respectfully submits that, as an African-American, he has been a victim of racial discrimination and unfair treatment by The New Rochelle Police Department. Plaintiff's reputation in the business community has been irreparably damaged, as has Plaintiff's ability to earn a living in his profession.

29. The aforementioned acts of defendants deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the United States of America, and in violation of 42 U.S.C. 1981 and 1983.

30. The acts complained of were carried out by the aforementioned defendants in their capacities as New Rochelle Police Officers, with the entire actual and/or apparent authority attendant thereto.

31. As a result of the foregoing, Plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the defendants, plus reasonable attorney's fees, costs and disbursements of this action. Plaintiff is seeking $20,000,000.00.

**WHEREFORE,** Plaintiff demands judgment and prays for the following relief against the Defendants ;

(A) Full and fair compensatory damages ;

(B) Punitive damages against the individually named defendants;

(C) Reasonable attorney's fees and the costs and disbursements of this action; and

(D) Such other and further relief as appears just and proper.

Dated : White Plains New York
          August 6, 2015


By: _____
     RUSSELL B. SMITH, ESQ.
     399 Knollwood Road Ste 220
     White Plains, New York 10603
     Attorney for Plaintiff
     Llewellyn Angelo Williams

To: Brian J. Powers
    Deputy Corporation Counsel
    515 North Avenue
    New Rochelle, New York 10801
    (914) 997-0555

Exhibit A

the owner or such other person authorized to operate the same without charging any fee whatsoever, provided only that said vehicle is immediately removed from the property.

E. In the event that a tow truck operator is about to remove an improperly parked vehicle from privately owned real property and has hooked up and engaged said vehicle to a towing truck but has not removed the vehicle from the property, said operator shall immediately release custody and control of the vehicle to the owner or such other person authorized to operate the same for the payment of a fee of $15, and further provided that said vehicle is immediately removed from the property.

## § 316-3.1. Booting of vehicles.

**[Added 3-19-2002 by L.L. No. 1-2002; amended 9-19-2006 by L.L. No. 8-2006]**

A. An operator may boot an improperly parked vehicle on privately owned real property instead of towing it therefrom, but the fee for such booting shall not exceed $45 plus tax, provided that, upon payment of such fee and the removal of the booting device, said vehicle is immediately removed from the property by the owner or operator thereof. Prior to booting an improperly parked vehicle, the operator shall display to the owner of such vehicle a valid license issued by the Police Commissioner pursuant to this chapter.
**[Amended 10-16-2012 by Ord. No. 162-2012]**

B. Whenever a person engaged in the booting of vehicles affixes a boot to an unoccupied motor vehicle on privately owned real property under the direction of the owner or an individual acting on behalf of the owner of such property, said operator shall notify the New Rochelle Police Department immediately.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

C. Whenever an operator affixes a boot to an unoccupied motor vehicle on private property, said operator shall affix a four-inch-by-seven-inch orange sticker to the driver's side window. Said sticker shall warn the driver that a boot is affixed to the vehicle and moving the vehicle could result in damage to the vehicle. The sticker shall include the name and address of the operator, as well as a telephone number the driver can call to arrange for the removal of the boot.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

D. In the event that an operator boots an unoccupied motor vehicle on privately owned real property, the operator or an attendant must remove the boot from the vehicle within 15 minutes after being contacted by the vehicle's owner or operator.   **[Amended 10-16-2012 by Ord. No. 162-2012]**

E. Whenever an operator has begun the process of booting an improperly parked vehicle on private property but has not yet locked the boot onto the vehicle, and the owner or operator of the vehicle offers to remove the vehicle from private property, said operator shall remove the boot from the improperly parked vehicle at no charge to the vehicle's owner or operator.

F. No motor vehicle shall be booted by a person licensed pursuant to this section unless such licensee has been authorized to boot such motor vehicle pursuant to a written contract

of the property on which such motor vehicle is parked. Such contract shall also provide that such owner, lessee, managing agent or other person in control of the property shall be liable for any violation by such licensee or his or her employee or agents of any of the provisions of this section or of any rules promulgated pursuant to this section. **[Added 10-16-2012 by Ord. No. 162-2012]**

G. An owner, lessee, managing agent or other person in control of property who has entered into a written contract with a person licensed pursuant to this section authorizing such licensee to boot motor vehicles parked on such property shall be liable for any violation by such licensee or such licensee's employees or agents of the provisions of this section, or of any rules promulgated pursuant to this section. **[Added 10-16-2012 by Ord. No. 162-2012]**

H. No motor vehicle may be booted if: **[Added 10-16-2012 by Ord. No. 162-2012]**

(1) Such vehicle is occupied by any person or live animal;

(2) Such vehicle is parked on the roadway side of a vehicle stopped, standing or parked at the curb;

(3) Such vehicle is parked in a fire lane, or in front of or immediately adjacent to a fire hydrant, fire connection or building emergency exit;

(4) Such vehicle is an ambulance, correction vehicle, police vehicle, fire vehicle, civil defense emergency vehicle, emergency ambulance service vehicle, environmental emergency response vehicle, sanitation patrol vehicle, hazardous materials emergency vehicle, ordnance disposal vehicle of the Armed Forces of the United States;

(5) Such vehicle bears a special vehicle identification issued in accordance with the provisions of § 1203-a of the Vehicle and Traffic Law or "MD" New York registration plates; and

(6) Such vehicle is parked in a space reserved for vehicles displaying a handicap permit.

I. No release or waiver of any kind purporting to limit or avoid liability for damages to a vehicle that has been booted shall be valid. In addition, any person who booted a vehicle, or other person authorized to accept payment of any charges for such booting, shall provide a signed receipt to the individual paying the booting charges at the time such charges are paid. Such receipt shall state the name, business address, business telephone number and license number of the person who has booted such vehicle as such information appears on the license to engage in booting, and such receipt shall also include a telephone number for the office within the Police Department responsible for receiving complaints with respect to booting. **[Added 10-16-2012 by Ord. No. 162-2012]**

J. No charge shall be imposed for the booting of a vehicle when any person has committed a violation of this section, or any rules promulgated pursuant to this section with respect to

violation of this section.   **[Added 10-16-2012 by Ord. No. 162-2012]**

K. The owner or person in control of a vehicle which has been booted by a licensee or such
licensee's employee or agent shall be permitted to pay any charge for booting at the
location where such vehicle was booted and the licensee, or other person authorized to
accept payment, shall accept such payment in person by credit card in accordance with
generally accepted business practices.   **[Added 10-16-2012 by Ord. No. 162-2012]**

L. Any vehicle which has been booted pursuant to this section must be returned to the owner
or person in control of such vehicle within 24 hours of booting or such vehicle shall be
towed by the operator in accordance with § 316-3 herein.   **[Added 10-16-2012 by Ord.
No. 162-2012]**

## § 316-4. Warning and informational signs.
**[Amended 9-30-1992 by Ord. No. 220-1992]**

A. No owner of private property shall remove, permit the removal or booting of or cause to
be removed or booted any motor vehicle from property owned by him unless there is
erected and maintained upon such property, at the entrances and exits to such property, a
sign containing a warning that parking thereon is restricted to authorized persons only,
that unauthorized parking or trespassing is prohibited and that the vehicles of trespassers
or unauthorized persons will be towed away or booted, and containing the further
statement setting forth the address and telephone number where any person whose
vehicle is removed may make inquiry to regain his vehicle. Such signs shall be not less than
12 inches by 18 inches in size, and lettering thereon shall be not less than one inch in size.
Included on such sign shall be the fee amount authorized by the County of Westchester
and the fee amount authorized by the City of New Rochelle pursuant to § 316-3E of the
Code of the City of New Rochelle for hookup but not removal, and the fee amount
authorized by the City of New Rochelle pursuant to § 316-3.1 of the Code of the City of
New Rochelle for booting.   **[Amended 9-19-2006 by L.L. No. 8-2006; 10-16-2012 by
Ord. No. 162-2012]**

B. All information on the above-required signs must be filed with the New Rochelle Police
Department. The owner shall inform the Police Department, in writing, of any changes to
the contents of such sign within 10 days of such change. The filing fee shall be as set forth
in Chapter 133, Fees, for each filing.   **[Added 2-16-1993 by Ord. No. 45-1993]**

## § 316-5. License required; exceptions.
**[Added 10-16-2012 by Ord. No. 162-2012** *Editor's Note: This ordinance also redesignated*
*former § 316-5 as § 316-7.* **]** No person shall conduct towing or booting as defined herein on
private property without first having obtained a license as hereinafter provided. All licenses
shall be issued for a one-year period.

## § 316-6. License applicant requirements.
**[Added 10-16-2012 by Ord. No. 162-2012]**

A. The name and address of the applicant specifying, in the case of an unincorporated association, each partner or member thereof, and in the case of a corporation, the name and address of each officer, director and stockholder thereof.

B. The date of birth and citizenship of the applicant and each member thereof, if an unincorporated association, and of each officer, director and stockholder, if a corporation.

C. The address of any and all depots, garages or body shops, whether located inside or outside the City, that will be used by the applicant in connection with his towing business.

D. A statement as to whether the applicant or any partner, member, officer or director has, within the last five years, ever been convicted of a crime and, if so, the date, crime charged and sentence imposed.

E. Whether or not the applicant has ever been denied a license for a tow truck, towing business or booting business by any governmental agency or authority or whether or not the applicant has ever been charged with chasing or whether or not any such license ever issued to the applicant has been suspended or revoked and, if so, the date, the location and the circumstances thereof.

F. A list of all valid licenses held by the applicant which authorize him to conduct a towing or booting business.

G. Whether this is an initial application or a renewal.

H. Proof of insurance in accordance with City requirements.

I. Any other relevant information which the Police Commissioner may require.

## § 316-7. Penalties for offenses.

Notwithstanding any other penalty provision of the Code of the City of New Rochelle, a violation of any provision of this chapter shall be punishable by a mandatory minimum fine for the first violation thereof of $50, and by a mandatory minimum fine of $100 for a second or subsequent offense, with the maximum fine in each and every instance which may be imposed not to exceed $250.

## § 316-8. License fees.

**[Added 10-16-2012 by Ord. No. 162-2012]** A minimal fee of $750 shall be paid for each license issued hereunder.

## § 316-9. Issuance of license.

**[Added 10-16-2012 by Ord. No. 162-2012]** Upon receipt of a properly completed application and payment of the requisite fee, the Police Commissioner shall issue a license to the applicant unless he determines:

A. That the applicant is unfit and is incapable of properly conducting a towing or boeting business within the City of New Rochelle or does not conform to the provisions of this chapter; or

B. That the applicant's garage, depot or auto repair shop used in connection with the towing business is in violation of any state or City law or regulation, including but not limited to zoning, building or fire law ordinances or regulations in the municipality in which it is located; or

C. That the applicant has made a materially false statement or misrepresentation in his application.

## § 316-10. Transferability of license.

**[Added 10-16-2012 by Ord. No. 162-2012]** A license issued hereunder shall not be transferred or assigned to another person or vehicle, except as provided below.

## § 316-11. Suspension, revocation or refusal to renew license; hearing: appeals.

**[Added 10-16-2012 by Ord. No. 162-2012]**

A. Any license issued hereunder may be suspended, revoked or refused to be renewed by the Police Commissioner or his designee after a hearing, upon five days' notice, if the licensee thereof shall violate any provision of this chapter, any rule or regulation adopted hereunder or any ordinance of the City or is charged with the violation of any vehicle and traffic law, ordinance or regulation of the State of New York or City of New Rochelle.

B. A request for a hearing to reinstate a license or to contest a suspension, revocation or refusal to renew must be made, in writing, to the Police Commissioner and be sent by registered or certified mail or given in person within 10 days after the suspension, revocation or refusal to renew. A hearing will be held within 21 days after receipt of the licensee's request before the Police Commissioner or his designee and a decision rendered within three days. The licensee's license will remain suspended, revoked or expired until a decision is rendered by the Police Commissioner or his designee.

C. Any licensee whose license has either been suspended, revoked or refused to be renewed pursuant to this chapter may appeal said suspension, revocation or refusal to renew to the Police Commissioner, within 30 days of the date thereof, by attaching a copy of the suspension or revocation.

## § 316-12. Enforcement.

**[Added 10-16-2012 by Ord. No. 162-2012]** This chapter shall be enforced by the Police Department.

January 30, 2014

Honorable Nelson S. Roman
United States District Judge
The Honorable Charles L. Brieant Jr.
Federal Building and United States District Court
300 Quarropas Street
White Plains, NY 10601-4150
13cv 3315(nsr)
Dear Judge Roman:

I am writing you this letter to about the new law New Rochelle Municipal Code (316) that severely inhibits my ability to make a living.   This new law prohibits booting when there is an animal or human in the car parked illegally.  When an individual that is left in the car doesn't have the capability to move the car, they're saying I can't boot the car.  The boot is a device attached to one of the tires to immobilize the vehicle.  This does no harm to any animal or human which makes the new law ridiculous.  There are 19 vehicles that can't be touched when they illegally parked on private property and owner can't do nothing about it they can actually store their vehicles and the property and owner can't do nothing about it with this new law.  Example: any of these 19 vehicles that's been named untouchable along with animal in the vehicle can parked the vehicle at the beginning of the driveway and block a car from getting in or out the driveway and nothing you can do about it under the new law

 I am unable to always respond in fifteen minutes  two removable from a vehicle that I had booted earlier in the day I might be in White Plains working at the time I work all over Westchester County this is another law that is ridiculous so the police department will write me a city code if I don't get back in 15 minute.

 I submitted the license to Bennie the city clerk, he said it would take a couple days. For it to go through the process a week later I asked can I start booting now he said it hadn't been through the process yet or week after week after week he told me to same   Story  it's now a month and half later I'm still not working went to the police department and left a message to capt. Kealy and Lieut. Marshall if I'm not working in a couple of days I will add them to the federal lawsuit couple days later Benny call me and said I was allowed to start booting car again.

After six weeks Benny found the documents in a closed safe.

I have yet to receive my license.

Llewellyn Angelo Williams

Exhibit B

Response for Angelo Williams lawsuit 9/18/14

Grievance:

Safeway presently holds the City contract for New Rochelle.

I have been in business with my company, Avalon Towing, since 2002.

Since the new law was implemented, I have personally witnessed two other competitor's go out of business. The law states that a company must hold at minimum a two million dollar insurance policy (a policy costs approximately $2,800 per month, a yard within the City limits, which costs approximately 5k per month,
Fee for license $750 and I must take credit card payments which customers call their banks afterward and stop payment. That's why this is a cash business. The difference between the rules that New Rochelle and Safeway have are different from what private property companies have to follow, The City of New Rochelle collects the cash for Safeway. Only a big company like Safeway can afford to survive with this new law. All small businesses can not survive this new law and it helps Safeway to monopolize all the towing and booting. It seems to me that this is a clear presence of monopolization as far as I can remember for the past 35 years.

This new law that has been implemented I should be exempt from because I've been in for 12 years. I should be grandfathered in from the new law. That would assist me in remaining in business. As of now, I can't afford the insurance and I can't even get a policy because the insurance requires that I have a tow company even though I only boot cars.

This is a infringement on private property.

The law states that if any animal or person is in the vehicle, you can't boot or tow indefinitely.

This law is silly. If someone parked in your driveway behind your vehicle and left a parakeet, I would be unable to boot or tow the vehicle.

Can you imagine if you came out to go to work and were unable to do so and this scenario was in play?

They also named between 17 and 19 cars that can park in your parking lot at anytime in a non -emergency capacity. Makes no sense and violates our rights.

Also, they enacted a law that says I must release a boot within 15 minutes from the time they call me. Scenario I work in White Plains about 25 minutes from New Rochelle without traffic. I get a call because the car 8 hours ago. Now I'm in White Plains. It's impossible for me to get back. This is a way for them to write a City code violation.

Safeway makes a million dollars a year compared to my $50,000 per year, but I'm held to the same rules and regulations but as you can see below there is a huge disparity in what Safeway is allowed to charge for the City of New Rochelle.

Safeway also gets special privileges. They never get City code violations or harassed by the City of New Rochelle police department.

Below is the pricing allowed for the following services:

| **Safeway** | | **Avalon Towing** | |
|---|---|---|---|
| Towing | $140 | Towing | $65 |
| Booting | $110   (+ sticker $26) | Booting | ( $45) no sticker fee |
| Storage | $25 per day | Storage | $5 per day |
| Fee per mile | $8 | Fee per mile | $1.25 |

The City of New Rochelle and the police department has prevented me from prospering through harassment tactics and favoritism towards Safeway towing the company that they've contracted to do the towing and booting. All the City lots, all the City streets, all the booting for tickets, all the towing, all aspects they have monopolized. Safeway has not even thrown a percentage to smaller companies, which breaks Federal laws.

I have gone the City Council three times asking to be able to be on the same playing field as Safeway, was denied each time. They are fully aware that Safeway and Avalon have the same operating costs but they are allowed to charge much more than I am.

Exhibit C

Case 7:13-cv-03315-NSR Document 78-1 Filed 10/16/15 Page 26 of 53

| Report Date | Month | Day | Year | Time | | | |
|---|---|---|---|---|---|---|---|
| Jul | 17 | 13 | 0754 | 99 Union Ave (3FO) | | CP5091-13 | |

Jul 17 13 0754

How can we safely contact you? (e.g. Name, Phone)

○ Officer-Initiated ○ Radio Run ○ Walk-In

**Name (Last, First, M.I.) / (include aliases)**
Rosenbaum, Felicia

Phone (757) 434 9697
DOB Month 8 Day 27 Year 65 Age 48
Ⓧ Male ○ Female

Street & City
411 Lake Shores Dr Portsmouth VA
APT # Zip 23707
If non-English language: ○ Spanish ○ Chinese ○ Other: ____

Injured? Ⓧ No ○ Yes
Removed to Hospital? Ⓧ No ○ Yes If yes, what hospital? ____
○ White Ⓧ Black ○ Asian
○ American Indian
○ Other:
○ Hispanic
Ⓧ Non-Hispanic
○ Unknown
Notes (e.g. special needs, disability, requests):

Describe:

**Name (Last, First, M.I.) / (include aliases)**
Williams, Llewellyn

Phone (914) 632 9008
DOB Month 8 Day 27 Year 64 Age 49
Ⓧ Male ○ Female

Street & City
99 Union Ave
APT # Zip 10801
If non-English language: ○ Spanish ○ Chinese ○ Other: ____

Injured? ○ No ○ Yes
Removed to Hospital? Ⓧ No ○ Yes If yes, what hospital? ____
○ White Ⓧ Black ○ Asian
○ American Indian
○ Other:
Ⓧ Hispanic
○ Non-Hispanic
○ Unknown

Describe:

Prior DV History? ○ Yes Ⓧ No
Prior DV police report? ○ Yes Ⓧ No
Victim fearful? ○ Yes Ⓧ No
Suspect:
Access to weapons? ○ Yes Ⓧ No
Drug/Alcohol history? ○ Yes Ⓧ No
Suicide threat history? ○ Yes Ⓧ No

**SUSPECT/P2 present?**
Ⓧ Yes
○ No

**LIVING SITUATION**
Do parties *currently* live together? ○ Yes Ⓧ No
IF NO, have they lived together *in the past?* ○ Yes Ⓧ No
Do the parties have a *child-in-common?* ○ Yes Ⓧ No

**RELATIONSHIP: (SUSPECT / P2 to VICTIM / P1)**
○ Married
○ Intimate Partner/Dating
○ Child of victim/party 1
Ⓧ Relative: Brother
○ Formerly Married
○ Former Intimate/Dating
○ Parent of victim/party 1
○ Other:

| P: Name (Street, Party / City, if related) | | Phone | | DOB | Month | Day | Year | Relationship to victim / P1 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**Check all that apply**
○ Biting
Ⓧ Destroyed Property (Estimated $____)
○ Forced Entry
○ Forcible Restraint
Ⓧ Hair Pulling
○ Homicide

○ Impaired Alcohol/Drugs
○ Injury to Child
○ Injury to Other Persons
○ Injury to Pet/Animal
○ Interference with Phone
○ Intimidation/Coercion
Ⓧ Kicking
○ Punching

○ Pushing
○ Sexual Assault
○ Shooting
○ Slapping
○ Slamming Body
○ Stabbing
○ Strangulation/"Choking"
○ Suicide or Attempt

○ Threw Items
○ Unwanted Contact
○ Verbal Abuse
○ Violated Visitation/ Custody Conditions
○ OTHER Suspect Actions:

○ **Threats:** *(specify)*
○ Injure/Kill Persons
○ Injure/Kill Self
○ Injure/Kill Pet/Animal
○ Take Child
○ Destroy/Take Property
○ Other:

○ **Threat with weapon**
○ **Weapons used:** *(specify)*
○ Blunt Object
○ Gun
○ Motor Vehicle
○ Sharp Instrument
○ Other: ____

**Arrest Made?**
○ Yes Ⓧ No

**Reasons arrest not made on-scene:** Ⓧ No Offense Committed ○ No Probable Cause ○ Suspect Off-Scene
○ Warrant/Criminal Summons to be requested ○ Violation level: not in police presence (no citizen's arrest) ○ Other:

| Offenses | Law (e.g. PL) | Section (Sub) | | Offenses Involved: (check all that apply) ○ Felony |
|---|---|---|---|---|
| 1. | | | ○ | ○ Misdemeanor ○ Violation ○ Other (Specify) |
| 2. | | | ○ | Registry Checked? Ⓧ Yes ○ No / OP Court Name: ____ |
| 3. | | | ○ | Order of Protection? ○ Yes Ⓧ No / ○ Family ○ Criminal ○ Supreme |

Stay Away Order? ○ Yes Ⓧ No / ○ Out of State ○ Tribal
Order Violated? ○ Yes Ⓧ No
Any PRIOR orders? ○ Yes Ⓧ No
Expiration Date: Month ____ Day ____ Year ____

**Photos Taken?** ○ Yes Ⓧ No / IF YES, photos taken of: ○ Victim Injuries ○ Suspect Injuries ○ Other: ____
○ Scene ○ Damaged Property ○ Other: ____
Other evidence collected? ○ Yes ○ No / IF YES, describe: ____

Results of investigation and basis of action taken. (Were excited utterances, spontaneous admissions or spontaneous statements made?) ○ Yes ○ No (Complete 710.30 or other form when applicable) ____

SEE DET NARRATIVE

Any Guns in House? ○ Yes ○ No   Any Guns Seized? ○ Yes ○ No   Household Member Has Pistol Permit? ○ Yes ○ No   Permit Seized? ○ Yes ○ No
Permit #(s): ____ Issuing County: ____ Name on Permit(s): ____

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment, or endangerment? ○ Yes ○ No
IF YES, officer must contact the NYS CHILD ABUSE HOTLINE REGISTRY # 1-800-635-1522

**SUSPECT ON PAROLE OR PROBATION?**
○ Probation ○ Parole ○ Not Supervised ○ Status Unknown

**CONTACTS INITIATED BY POLICE:** ○ Domestic Violence Services
○ Child Protective Services (or ACS) ○ Other Agency: ____

| Officer's Signature (& Rank) | PRINT and SIGN | ID | Month | Day | Year | Pg. |
|---|---|---|---|---|---|---|
| R Castissia #118 | | 9884 | Jul | 17 | 13 | 1 / 2 |

# New Rochelle Police Department
## Detective's Supplemental Narrative Report

| Case No.: | NR-CR-03091-13 | Case Date: | 7/17/2013 |
|---|---|---|---|
| Event No.: | NR-EV-35078-13 | | |

Reviewing Officer:  **POLICE OFF CASTIGLIA, ADAM**          Review Date: **07/17/2013**

Shield No.:  **1115**                Serial No.:  **9884**

**Review Subject:**

At 0800hrs PO Siller and I responded on a verbal dispute. Upon arrival P1/ stated she is having a verbal dispute with her brother P2/ over ownership of a vehicle. P1/ stated the car was willed to her by their mother after she passed away in June 2013. P1/ provided notarized documentation clearly indicating that she is now the person responsible of the vehicle NY-DAW8788. It should also be noted that P1/ also had the vehicle's keys, registration and title in her possession, vehicle was valid. P1/ stated she is unaware where the license plates for the vehicle are. P2/ claims he has no information on the whereabouts of the license plates. P1/ was provided with an MV78-b should the license plates remain missing. ROs responded with P1/ and P2/ to the private parking lot of 122 Union Ave. RO observed that P2/ had placed and illegal boot on vehicle/NY-DAW8788. RO advised P2/ to remove the boot from the vehicle as P2/ did not have the authority to boot any vehicles in this lot. It should be noted that this parking lot was clearly marked by a sign indicating it was the responsibility of SafeWay Towing to enforce any type of booting or towing activity at this parking lot. Both parties left the area without further incident both were advised to address the matter in civil court. (VAC issued, HQ advised)

| Status: | Signature of Reporting Officer: | Signature of Supervising Officer: |
|---|---|---|
| | | |

# Civilian Complaint Form (CO3)
# Reporte De Quejas Civiles

Complaint No/
Núm. de Queja o Reclamo
LEAVE BLANK /Deje el espacio en blanco

`35078-13`

**New Rochelle Police Department**
**475 North Avenue New, Rochelle NY 10801**

Please deliver in person or mail completed form to: INTERNAL AFFAIRS UNIT at the above address. Please make a copy for your records. *Por favor de entregar este formulario al cuartel en persona, o de enviarlo a: INTERNAL AFFAIRS UNIT, a la dirección mencionada arriba. Por favor, haga una copia para sus archivos.*

| Date and Time Reported (DD/MM/YYYY, HRS) / Hora y fecha del reporte | Date and Time of Incident (DD/MM/YYYY, HRS) / Hora y fecha dell incidente | Location of Incident / Lugar del incidente |
|---|---|---|
| 07-17-2013  10:37 Am | 07-17-2013  8Am - 8:45 Am | 122 Union Ave New Rochelle N.Y. 10801 |

| Complainant's Last Name / Apellido del reclamante | First Name / Primer Nombre | Date of Birth (DD/MM/YYYY) / Fecha de Nacimiento | Race / Raza |
|---|---|---|---|
| Williams | Angelo | 08-27-64 | BLACK |

| Mailing Address/ Apartment or floor / Direccion Postal /Apt. o Piso | City, State, Zip Code / Ciudad, Estado | Day Phone / Tel. Día | Evening Phone / Tel. Noche |
|---|---|---|---|
| 22 Clinton Ave New Rochelle NY | New Rochelle NY 10801 | 914 563 6789 | |

| Witness's Last Name / Apellio del testigo(s) | First Name / Primer Nombre | Age / Edad | Mailling Address/ Apartment or floor / Direccion Postal /Apt. o Piso | Day Phone/ Evening Phone / Tel. Dia/ Tel. Noche |
|---|---|---|---|---|
| | | | | |
| | | | | |

| Time and Date of Occurrence/ Hora y fecha del incidente | Location/ Lugar |
|---|---|
| 0754 Ars 17 Jul 13 | 122 Union Av.e |

| Name of Police department Member(s) involved- if unknown, provide description. *Nombre del policia(s)- si lo desconoce, proveer descripcion* | Shield # / Número de placa | Division/ División |
|---|---|---|
| PO Adam Castiglia | 1115 | PSO |
| PO Edward Sillea | 475 | PSO |

**Nature of Complaint/ Tipo de querella/ Queja:**

| | | |
|---|---|---|
| ☐ Arrest /Arresto | ☒ Other Complaint/ Otro tipo de reclamo/ Queja | ☐ Sexual Harassment/ Acoso Sexual |
| ☐ Detention/ Detención | ☐ Search of Property/ Allanamiento de propiedad | ☐ Theft by Officer/ Robo por un Policia(s) |
| ☐ Excessive Force/ Uso de fuerza excesiva | ☐ Property Lost by Officer/ Propiedad perdida por policia(s) | ☐ Search of Person/ Cateo (Registro) de su persona |
| ☐ Hate or Bias/ incidente basado en odio o prejuicio | ☐ Racial Profiling/Descriminación | ☐ Verbal Abuse/ Abuso verbal |

Details of Complaint (Use reverse side of paper if more space is required/ *Provea los detalles de reclamo/ Queja. (Si necesita más espacio usar la parte de atras de éste formulario)*

| Complainant's Signature/ Firma del reclamante | Date/ Fecha | Police officer Receiving Complaint Form/ Agente de policia recibiendo establación form |
|---|---|---|
| Angelo Williams | 07-17-2013 | |

Today Wednesday, July 17, 2013 Approx about 8:00 O'clock New Rochelle police was call to 99 Union Ave to handle a dispute attain to my late mother car that was park in a private lot. The car is register and insure under my late mother Alice Williams. The Car was left in possession of the young son Kevin Williams. My sister Felicia come to New York and call New Rochelle Police to tell them that car belong to her and that she wants to know where the plates for the car. She has no title for the car and I was telling the officers that I don't know anything about the car belonging to her. The car either belongs to my brother Kevin or all of us. None of us has seen anything stating otherwise. I told the officer that I was going file the death certificate with the court in White Plains to let the judge figure it out. The two officer decide to let my sister Felicia drive the car without no valid license plate. This is reason why I'm filing a report against the two New Rochelle Police officers.   *A. W*

*Angelo Williams*

Angelo Williams

Control# 11406



**Westchester County Surrogate's Court**
111 Dr Martin Luther King Jr Blvd
19th Floor
White Plains, NY 10601
(914)824-5656  Fax: (914)995-3728

Joseph M Accetta
Chief Clerk

December 18, 2013

RE:  ALICE WILLIAMS

TO:  L WILLIAMS

Dear Sir/Madam:

    THIS IS TO CERTIFY, that a search of the records of this office regarding the
above stated person was performed and resulted in no records being found.

Dated and Attested on  December 18, 2013,



Joseph M Accetta
Chief Clerk

Exhibit D

| Freed | 3/2/2013 03:38:25 | 466 MAIN ST |
|---|---|---|

Unit:   20                                    Unit Description:   20                                    Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:11:07 | |
| Arrived At Scene | 3/2/2013 03:20:24 | |
| Freed | 3/2/2013 03:28:45 | 466 MAIN ST |

## Event People

| Caller Name | SHERMAN, VICTORIA | | | |
|---|---|---|---|---|
| Date of Birth | 1/12/1977 | Gender | F Female | Role   CALLER |
| Height | | Eye Color | | |
| Address | 466 MAIN ST New Rochelle, NY 10801-6431 | | | |
| Phone Number | (917) 992-2111 | | | |

| Name | / AVALON TOWING, ANGELO | | |
|---|---|---|---|
| Date of Birth | | Gender | Role |
| Height | | Eye Color | |
| Address | | | |

## Associated Numbers

## Narrative

cmichaels - 3/2/2013 - 15:00:58

COMP IN BMW X5 STATES HAVING VERBAL 10-8 W/AVALON TOWING

jdiaz - 3/3/2013 - 08:00:43

Sgt Inzeo, PO Lore, PO Chern and I responded to incident location in regards to a dispute over a boot. Upon arrival comp stated he vehicle NY-FPB8569 was booted by Pi/   but she has a permit to park at location. I did see the permit on the drivers side rear window. Pi/ stated he did not see the permit and that is why he placed the boot on the car. Pi/ then removed the boot and both parties when on their way.

Approved By :                                                              Date :  3/3/2013 9:19 AM

            SERGEANT BRADY,MATTHEW J                    Shield/Serial No.  20 / 7051



# EVENT REPORT

Event No.   NR-EV-10220-13          Event Date   3/2/2013 3:00 PM          Created By   MICHAELS, CHRISTOPHER

Desk Officer   SALERNO, JOSEPH                    Desk Officer Rank          SERGEANT

Desk Officer Serial No.   8855                    Desk Officer Shield No.   35

---

Call Type   DISPUTE                    How Received   TELEPHONE

Business Name

Location of Assignment      466 MAIN ST NEW ROCHELLE, NY 10801-6431

Post

---

Disposition          SERVICED BY CAD

Dispatch Date      3/2/2013 15:02:00          Received Date      3/2/2013 15:00:00

Start Time          15:06:00          End Time          Total Time

## Event Personnel

Name    DIAZ, JOSE

Rank    POLICE OFF      Serial No.    10262          Shield No.    1113

---

Name    CHERN, HUNG-HAW

Rank    POLICE OFF      Serial No.    10179          Shield No.    1095

---

Name    LORE, FRANK

Rank    POLICE OFF      Serial No.    9206          Shield No.    1039

---

Name    INZEO, JOHN

Rank    SERGEANT      Serial No.    8224          Shield No.    3

## Event Units

Unit:   02                    Unit Description:   2                    Primary

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:02:25 | |
| Arrived At Scene | 3/2/2013 03:08:31 | |
| Freed | 3/2/2013 03:38:11 | 466 MAIN ST |

Unit:   03                    Unit Description:   3                    Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:02:29 | |
| Arrived At Scene | 3/2/2013 03:07:20 | |
| Freed | 3/2/2013 03:38:18 | 466 MAIN ST |

Unit:   16                    Unit Description:   16                    Backup

Unit Status History:

| Status | Status Date/Time | Location |
|---|---|---|
| Dispatch | 3/2/2013 03:05:57 | |

3/12

For your records, for favor de entregar este formulario al cuartel en persona, o de enviarlo al INTERNAL AFFAIRS UNIT, a la direccion mencionada arriba. Por favor guarde una copia para sus archivos.

| Date and Time Reported (DD/MM/YYYY, HS) Hora y fecha del reporte | Date and Time of Incident (DD/MM/YYYY, HS) Hora y fecha del incidente | Location of Incident Lugar del incidente |
|---|---|---|
| 9:99 Pm 2/3/12 | 9:99 Pm 2/3/12 | CVS-625 North Ave |

| Complainant's Last Name Apellido del reclamante | First Name Primer Nombre | Date of Birth (DD/MM/YYYY) Fecha de Nacimento | Race Raza |
|---|---|---|---|
| Williams | Angelo | 08-27-1964 | Black |

| Mailing Address/ Apartment or floor Direccion Postal/ Apt. o Piso | City/State, Zip Code Cuidad/ Estado | Day Phone Tel. Dia | Evening Phone Tel. Noche |
|---|---|---|---|
| 32 Clinton Ave | New Rochelle 1801 | 914-563699 | |

| Witness's Last Name Apellido del testigo(s) | First Name Primer Nombre | Age Edad | Mailing Address/ Apartment or floor Direccion Postal /Apt. o Piso | Day Phone/ Evening Phone Tel. Dia / Tel. Noche |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| Time and Date of Occurrent/ Hora y fecha del incidente | Location/ Lugar |
|---|---|
| | 625 North Ave NewRochelle |

Name of Police Department Member(s) Involved- if unknown, provide description Nombre del policia(s)- si lo desconoce, proveer descripcion

Shield # Numero de placa

Division/ Divicion

Sgt. Conca
P.O. Schlesenger

**Nature of Complaint/ Tipo de querella/ Queja:**

- [ ] Arrest/ Arresto
- [✓] Other Complaint/ Otro tipo de reclamo/ Queja
- [ ] Sexual Harassment/ Acoso Sexual

- [ ] Detention/ Detencion
- [ ] Search of Property/ Allanimiento de propiedad
- [ ] Theft by Officer/ Robo por un Policia(s)

- [ ] Excessive Force/ Uso de fuerza excesiva
- [ ] Property Lost by Officer/ Propiedad perdida por policia(s)
- [ ] Search of Person/ Cateo (registro) de su persona

- [ ] Hate or Bias/ Incidente basado en odio o prejuicio
- [ ] Racial Profiling/ Descriminacion
- [✓] Verbal Abuse/ Abuso verbal

**Details of Complaint (Use back side and/or extra paper if more space is required Detalles de queja. (Si necesita mas espacio use atras de este formulario)**

Avalon Towing booted Vehicle at CVS &
Sgt. Conca pulled into CVS lot obseved boot on car
Sgt. advised P.O. Schlesenger to Catact Avalon

| Complainant's Signature/ Firma del reclamante | Date/ Fecha | Police Officer Receiving Complaint Form/ Agente de policia recibiendo esta informacion |
|---|---|---|
| | | |

2/29 left message for Angelo-

3/9/12 Spoke w/ Angelo- Advised him that Lt. Mandell addressing the problem.

Exhibit E

la dirección mencionada arriba. Por favor, haga una copia para sus archivos.

| Date and Time Reported (DD/MM/YYYY, HH:)<br>Hora y Fecha del reporte | Date and Time of Incident (DD/MM/YYYY, HH:)<br>Hora y Fecha del incidente | Location of Incident<br>Lugar del Incidente |
|---|---|---|
| 9·99 Pm 2/3/12 | 9:99 Pm 2/3/12 | CVS 625 North Ave |

| Complainant's Last Name<br>Apellido del reclamante | First Name<br>Primer Nombre | | Date of Birth (DD/MM/YYYY)<br>Fecha de Nacimiento | Race<br>Raza |
|---|---|---|---|---|
| Williams | Angelo | | 08-27-1964 | Black |
| Mailing Address/Apartment or floor<br>Dirección Postal/Apt. o Piso | City, State, Zip Code<br>Ciudad, Estado | | Day Phone<br>Tel. Día | Evening Phone<br>Tel. Noche |
| 23 Clinton Ave | New Rochelle 1801 | | 914-503-6791 | |

| Witness's Last Name<br>Apellido del testigo(s) | First Name<br>Primer Nombre | Age<br>Edad | Mailing Address/Apartment or floor<br>Dirección Postal/Apt. o Piso | Day Phone/ Evening Phone<br>Tel. Día/ Tel. Noche |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| Time and Date of Occurrence/Hora y fecha del Incidente | Location/Lugar |
|---|---|
| | 625 North Ave New Rochelle |

| Name of Police Department Member(s) involved- if unknown, provide<br>description /Nombre del policía(s)- si lo desconoce, proveer descripción | Shield #<br>Número de placa | Division/ División |
|---|---|---|
| Sgt. Conca<br>P.O. Schlesenger | | |

Nature of Complaint/ Tipo de querella/ Queja:

☐ Arrest /Arresto

☐ Other Complaint/ Otro tipo de reclamo/ Queja

☐ Sexual Harassment/ Acoso Sexual

☐ Detention/ Detención

☐ Search of Property/ Allanamiento de propiedad

☐ Theft by Officer/ Robo por un Policía(s)

☐ Excessive Force/ Uso de fuerza excesiva

☐ Property Lost by Officer/ Propiedad perdida por policía(s)

☐ Search of Person/ Cáleo (registro) de su persona

☐ Hate or Bias/ Incidente basado en odio o prejuicio

☐ Racial Profiling/ Discriminación

☑ Verbal Abuse/ Abuso Verbal

Details of Complaint (Use additional paper if more space is required)/Detalles de la querella (Si necesita más espacio, use otras hojas de papel)

Avalon Towing Booted Vehicle at CVS
Sgt. Conca pulled into CVS lot obseved boot on car
Sgt advised P.O. Schlesenger to Contact Avalon

| Complainant's Signature/ Firma del reclamante | Date/ Fecha | Police Officer Receiving Complaint Form/ Agente de policía recibiendo esta información |
|---|---|---|
| | | |

2/29 Left message for Angelo.

3/9/12 Spoke w/ Angelo. Advised him that Lt. Mandell addressing the problem.

Exhibit F

Time boot called in 9:44 p.m.-January 10, 2015

I was calling in a few boots from 277 North Avenue, New Rochelle, NY at
Bank of America. At that time the officer informed me on the phone that
the desk sergeant told him I could only call in one boot at a time. I told
the officer that's not in the law and that anytime I get boots if its one,
two, three or four I will call them all in at that same time because I will
not give them a reason to write me a city code like they will and I will
not lose money by waiting for them to answer the phone when they get
ready for me to call another boot in. I then proceeded to tell the officer
to tell his desk sergeant that if he had something to say he could come
and tell me himself and within about twenty minutes an officer pulled
up. At that time I was putting a bigger boot on a truck that I had already
called in. The truck was in the corner by the bushes, I was walking out
from putting that boot one and when I got up my pants were a little
loose so I was adjusting my pants. He said that I was peeing and I told
him that's ridiculous I just finished putting a boot on. At that time he
then said I 'm going to write you a city code anyway for peeing and I told
him that I wasn't peeing and he didn't see my penis out at any time. So
then they had 5 cop cars come there it looked like a circus and then they
finally left after about 25 minutes to a half hour and I waited for about
another 25 minutes to 40 minutes and I went to the police department
to file a complaint. They didn't take the complaint but they gave me a
complaint form to fill out. At the time while I was in the police station
another supervisor came out and asked me that there was three cars
booted in the parking lot and he wanted to know if there was stickers on
the windows if he goes there and I said yes. If you go there now the
stickers are on the windows, I still hadn't gotten the complaint form
from the police department so the supervising officer went back to Bank
of America and while all three stickers are on the window he decided he
was going to write me a city code for not having a sticker on one of the
cars and his reason for doing that was he said earlier when he was on
the scene going back 40 minutes or a hour ago he said he observed that
it didn't have a sticker and so that's why he's writing the city code. And
then they proceeded to look around to find a reason to write me a city
code deliberately and they said there are signs inside the parking lot but
not immediately at the entrance. I told them I had a sign there and
either it blew down or someone pulled it down you can see on the pole
where the ties for the sign and the glue is on the pole that would suggest

there was a sign posted there. I explained to the officer the reason and his intentions were to write a city code violations on me to get back at me for threatening to file this complaint against the officer for writing me a ticket for a bogus city code that he made up.

The officers name that either written the bogus ticket for peeing his last name is Wilson or he ordered a officer to write the city code for him for peeing.

The supervisor ordered this police officer badge number 9404 to write me a city code for not having a sticker on the car and not having a sign on the actual entrance where he could see there was ties and glue on the pole so instead of him saying look, you have to put up some another sign and instead of me a city code knowing that a sign was there. This is nothing but harassment this has happened time after time the judge seen what I showed before that I had a sign there and he throws it out because its common sense that people do that all the time either pull it down or the wind blows it down. These police officers haven't been reprimanded since Ive been in business for doing the things they've constantly been doing to me that's why they continue to do it. The supervisors or the internal affairs time and time find these rogue officers of no wrong doing even though I beat the charges in court or the charges get dismissed these supervisors and internal affairs must have a disconnect when it comes to police misconduct. The harassment has yet to stop as soon as I start calling in lots of boots that's when the harassment comes from the police department its as if they're counting the money they believe I'm making or they don't want to be bothered with taking the calls for the boots this does not happen with Safeway in the history of Safeway towing and supervisors and internal affairs can't put the connection together that I am being harassed or they don't want to. I am going to file another lawsuit this week on internal affairs and all supervisors pertaining to any incidents with me because you haven't done nothing to stop it and that's why it continues to happen. I also video taped the five police cars at the scene as if I'd raped a white woman. You know what they used to do to black men if they thought they raped a woman, they hang 'em like these police officers are doing me. So I expect yall to turn another blind eye I wouldn't expect nothing less. So here's my report.

On Saturday, May 2, 2015, at 5:21 p.m., I was at Chase Bank on 491 Main Street. I called in two boots to the New Rochelle police department. The officer that answered the phone he would take the information, as i was holding on a female officer pulled in the parking lot and asked me whats going on Angelo, I said, I'm holding on waiting to call in the two boots, she said I could only call in one boot at a time and i told her thats not what it says in New Rochelle law, I said that law says to call in the boot immediately and thats what I was doing, she called headquarters and asked them what do the actual law say, they told her it say notify immediately. She wasn't going to write me a city code, her superior officer Sgt. Conca then pulled into the parking lot and ordered to write a city code for failure to notify police. The same officer that Im suing. This is noting but harassment and the reason why is today I called in 5 boots at the same location and the officer took the 5 boots and told me while I'm there if I get any more boots while I'm there call them in a one at a time. That makes more sense. If I come and they're four boots there already I can call them all in immediately. Like I said in my deposition they try to look for a reason to write me a city code by running down to the location to see if the boot is called in and thats why they want me call them in one at a time. Its nothing but harassment, all you have to do is check when I call in the boots since the beginning of January and most to the daytime most of the officers will except me calling in multiple boots at a , the nighttime officers are the ones that harass me and they are determined to find ways to write me a city code, they constantly violate my civil rights and I called internal affairs and they do nothing about whats going on here. The police department doesn't have no leadership they allow this to go on

Exhibit H



# Civilian Complaint Form (CO3)
# Reporte De Quejas Civiles

**Complaint No/**
**Núm. de Queja o Reclamo**
LEAVE BLANK /Deje el espacio en blanco

**New Rochelle Police Department**
**475 North Avenue New, Rochelle NY 10801**

Please deliver in person or mail completed form to: INTERNAL AFFAIRS UNIT at the above address. Please make a copy for your records. *Por Favor de entregar este formulario al cuartel en persona, o de enviarlo a: INTERNAL AFFAIRS UNIT, a la dirección mencionada arriba. Por favor, haga una copia para sus archivos.*

| Date and Time Reported (DD/MM/YYYY, HRS) / Hora y fecha del reporte | Date and Time of Incident (DD/MM/YYYY, HRS) / Hora y fecha dell incidente | Location of Incident / Lugar del incidente |
|---|---|---|
| 05/22/2015 | 05/17/2015 | 491 Main Street |

| Complainant's Last Name / Apellido del reclamante | First Name / Primer Nombre | Date of Birth (DD/MM/YYYY) / Fecha de Nacimento | Race / Raza |
|---|---|---|---|
| Williams | Angelo | 08/27/2015 | Black |

| Mailing Address/ Apartment or floor / Direccion Postal /Apt. o Piso | City, State, Zip Code / Ciudad, Estado | Day Phone / Tel. Día | Evening Phone / Tel. Noche |
|---|---|---|---|
| 22 Clinton Avenue | New Rochelle, NY 10801 | 914-563-6799 | |

| Witness's Last Name / Apellio del testigo(s) | First Name / Primer Nombre | Age / Edad | Mailing Address/ Apartment or floor / Direccion Postal /Apt. o Piso | Day Phone/ Evening Phone / Tel. Dia/ Tel. Noche |
|---|---|---|---|---|
| | | | | |
| | | | | |

| Time and Date of Occurrence/ Hora y fecha del incidente | Location/ Lugar |
|---|---|
| | |

| Name of Police department Member(s) involved- if unknown, provide description. Nombre del policía(s)- si lo desconoce, proveer descripcion | Shield # / Número de placa | Division/ División |
|---|---|---|
| White female officer (ordered by her supervisor) | 10389 | PO |

**Nature of Complaint/ Tipo de querella/ Queja:**

- ☐ Arrest /Arresto
- ☒ Other Complaint/ Otro tipo de reclamo/ Queja  **Harassment**
- ☐ Sexual Harassment/ Acoso Sexual
- ☐ Detention/ Detención
- ☐ Search of Property/ Allanmiento de propiedad
- ☐ Theft by Officer/ Robo por un Policia(s)
- ☐ Excessive Force/ Uso de fuerza excesiva
- ☐ Property Lost by Officer/ Propiedad perdida por policia(s)
- ☐ Search of Person/ Cateo (Registro) de su persona
- ☐ Hate or Bias/ incidente basado en odio o prejuicio
- ☐ Racial Profiling/Descriminación
- ☐ Verbal Abuse/ Abuso verbal

**Details of Complaint** (Use reverse side of paper if more space is required/ *Provea los detalles de reclamo/ Queja. (Si necesita más espacio usar la parte de atras de éste formulario)*

See Attached

| Complainant's Signature/ Firma del reclamante | Date/ Fecha | Police officer Receiving Complaint Form/ Agente de policia reciviendo ésta información |
|---|---|---|
| Angelo Williams | 05-22-15 | |

City Code 316-3.1B

NY Rochelle police officer #10389 wrote a city code on May 17, 2015 at 4:45 or 5:45 p.m. at 491 Main Street. I have a video recording of this incident.

I called in two boots, and they took information for the first car and then they asked me what's the information for the second car and within minutes the officer came down and said to me that she was going to be writing me a city code for calling in multiple boots and I said how are you writing me a city code and they took they excepted me calling in the two boots. Again this is a way to that they can harass me by using their authority to continue to keep me from making a living. Using their crazy interpretation of the law that state's "notify immediately" which is exactly what I did. The definition of "immediately",according to Webster's Dictionary is "at once, right away, instantly, now, directly, promptly, forthwith, this/that (very) minute, this/that instant, there and then, then and there, on the spot, here and now, without delay, without further ado, posthast ", which is exactly what I did.
I've been calling in boots this way for 19 years or more.

This new law has the same language as the old law pertaining to notifying police. The new law has been in effect for two years or more.

Just recently, on January 10, 2015, I started out at Bank of America calling in boots. The first call was 3 boots, the police department took it, the next call was 4 boots, the police department took it, I called in 3 more boots, the police department took it, I believe I called in 2 more boots, the police department took it, then all of a sudden the when I went to call in maybe 3 more boots the dispatcher told me the desk sergeant said they're going to let me call in one boot at a time. From then on they wanted me to call in one boot, hang up, call back for the next boot, hang up, call back in the next boot, hang up, call back in the next boot, hang up call back, and call in the next boot. When I hang up and call in the next boot, they don't answer the phone or I'm on hold.

Meanwhile, while I'm holding for someone to answer or I've been placed on hold for them to take the boot, they send 5 or 6 patrol cars to Bank of America looking for an excuse to write me a city code, I have it on video recording dated, January 10, 2015.

From: russellbsmithesq@aol.com
Subject: Re: Loss Income/Harassment New Rochelle, NY since deposition
Date: June 23, 2015 at 10:21 AM
To: angelow0007@gmail.com

Call me right away on my cell

-----Original Message-----
From: Angelo Williams <angelow0007@gmail.com>
To: nbramson <nbramson@newrochelleny.com>; cstrome <cstrome@newrochelleny.com>
Cc: bpowers <bpowers@ci.new-rochelle.ny.us>; russellbsmithesq <russellbsmithesq@aol.com>
Sent: Sun, Jun 7, 2015 2:47 pm
Subject: Loss Income/Harassment New Rochelle, NY since deposition


> To Whom it may concern:
>
> Because of the police intense harassment since
the deposition on 1/9/15 I've doing about 80 percent less business.
> The
police is using a interpretation of the way the law is written about notifying
them immediately when I call in a boot and they write me city code violations
and they continue to do.
> So far, I have about 9 city code violations
including one of my workers. This alone causes me to have to pay lawyer fees to
fight the city code and go to court which stops you from making money
> Under
the law I've been calling in several boots at one time for 19 years up until
January 10th when the police department decided to interpret law that I can only
call one boot in at a time, hang up, call them back with the next boot, hang up,
call in the next boot, etc. That is straight up harassment. I have video and
recordings to back up what I'm saying. I want to show how they come with six
and eight cars at a time, when no one complained, it's just me calling in a
boot.
>
> Since I've been in business they come 6 - 8 cars at a time this has
been done over 300 times
>
> The police are very hostile to me, it seems to
me that its escalating and I'm going to get hurt or killed if  no one is willing
to resolve this matter. Im afraid for my life.
>
> Also I'm going to call in
the mayor, the city manager, the city clerk and the whole city council to answer
questions about this horrendous law that they signed off on that in fact put tow
companies out of business in New Rochelle and show favoritism toward Safeway.
>

> This law encourages the police department  to be able to harass me and keep
me tied up in court. I've been in touch with the deputy city manager for years
and nothings been done.
>
> I will have each entity questioned in the ongoing
federal court case that I'm involved in with New Rochelle and city council will
be asked questions by my lawyer about the new law they implemented about booting
and towing in New Rochelle.
>
> I'm going to send more information soon to
all entities.

Sincerely,

Angelo Williams

Exhibit I

# Civilian Complaint Form (CO3)
# Reporte De Quejas Civiles



Complaint No/
Núm. de Queja o Reclamo
LEAVE BLANK /Deje el espacio en blanco

**New Rochelle Police Department**
**475 North Avenue New, Rochelle NY 10801**

Please deliver in person or mail completed form to: INTERNAL AFFAIRS UNIT at the above address. Please make a copy for your records. *Por Favor de entregar este formulario al cuartel en persona, o de enviarlo a: INTERNAL AFFAIRS UNIT, a la dirección mencionada arriba. Por favor, haga una copia para sus archivos.*

| Date and Time Reported (DD/MM/YYYY, HRS)<br>*Hora y fecha del reporte* | Date and Time of Incident (DD/MM/YYYY, HRS)<br>*Hora y fecha dell incidente* | Location of Incident<br>*Lugar del incidente* |
|---|---|---|
| 06/24/15 | 06/21/15 - 1:03pm | 491 Main Street, New Rochelle |

| Complainant's Last Name<br>*Apellido del reclamante* | First Name<br>*Primer Nombre* | Date of Birth (DD/MM/YYYY)<br>*Fecha de Nacimiento* | Race<br>*Raza* |
|---|---|---|---|
| Williams | Angelo | 8/27/1964 | Black |

| Mailing Address / Apartment or floor<br>*Direccion Postal / Apt. o Piso* | City, State, Zip Code<br>*Ciudad, Estado* | Day Phone<br>*Tel. Día* | Evening Phone<br>*Tel. Noche* |
|---|---|---|---|
| Clinton Ave New Rochelle 22 | New Rochelle, NY | 914-563-6799 | |

| Witness's Last Name<br>*Apellio del testigo(s)* | First Name<br>*Primer Nombre* | Age<br>*Edad* | Mailing Address / Apartment or floor<br>*Direccion Postal / Apt. o Piso* | Day Phone/ Evening Phone<br>*Tel. Dia/ Tel. Noche* |
|---|---|---|---|---|
| | | | | |
| | | | | |

| Time and Date of Occurrence/ *Hora y fecha del incidente* | Location/ *Lugar* |
|---|---|
| 6/21/15 - 1:03 pm | 491 Main Street, New Rochelle |

| Name of Police department Member(s) involved- if unknown, provide description. *Nombre del policia(s)- si lo desconoce, proveer descripcion* | Shield #<br>*Número de placa* | Division/ *División* |
|---|---|---|
| Sgt. Bradley - New Rochelle P.D.<br>P.O ——— Shield /0265 | | |

**Nature of Complaint/ Tipo de querella/ Queja:**

- [ ] Arrest /Arresto
- [x] Other Complaint/ Otro tipo de reclamo/ Queja
- [ ] Sexual Harassment/ Acoso Sexual
- [ ] Detention/ Detención
- [ ] Search of Property/ Allanamiento de propiedad
- [ ] Theft by Officer/ Robo por un Policia(s)
- [ ] Excessive Force/ Uso de fuerza excesiva
- [ ] Property Lost by Officer/ Propiedad perdida por policia(s)
- [ ] Search of Person/ Cateo (Registro) de su persona
- [x] Hate or Bias/ incidente basado en odio o prejuicio
- [x] Racial Profiling/Descriminación
- [ ] Verbal Abuse/ Abuso verbal

**Details of Complaint** (Use reverse side of paper if more space is required/ *Provea los detalles de reclamo/ Queja. (Si necesita más espacio usar la parte de atras de éste formulario)*

See Over →

| Complainant's Signature/ *Firma del reclamante* | Date/ *Fecha* | Police officer Receiving Complaint Form/ *Agente de policia reciviendo ésta información* |
|---|---|---|
| Angelo William | 6/24/15 | |

Details of Complaint/ *Provea los detalles de su Queja/ Reclamo*

On 6/21/15 I called in three 'boots' at 491 Main Street - Chase Bank. My company is Avalon Towing and I am paid to 'boot' illegally parked vehicles in the Chase Bank. I called in the three boots and proceeded to place the boots on the cars. Within minutes, three police vehicles arrived in the lot. The police officers informed me that I had put the 'boots' on the vehicles before I called the police. The police officer told me that he was aware that I had called in the 'boots' before he had left the New Rochelle Police Department. He then gave me two summonses for violating City Code 316-3.1B.

Exhibit J



Police Department
475 North Avenue
New Rochelle, NY 10801

(914) 654-2230
Writer's Telephone:
(914)

# City of New Rochelle
# New York

Angelo Williams
22 Clinton Avenue
New Rochelle,
New York, 10801

June 25, 2015

Dear Mr. Williams,

The complaint you filed against Lt. Lonergan and Sgt. Wilson on May 6, 2015 has been investigated and the investigation has failed to disclose sufficient evidence to substantiate your complaint.

Thank you for bringing this incident to my attention.

Very truly yours,

Lieutenant Gary Robinson

*Police Department*
*475 North Avenue*
*New Rochelle, NY 10801*

(914) 654-2230
*Writer's Telephone:*
*(914)*



# City of New Rochelle
# New York

Angelo Williams
22 Clinton Avenue
New Rochelle,
New York, 10801

June 25, 2015

Dear Mr. Williams,

The complaint you filed against Sgt. Conca and P.O. Monik on May 6, 2015 has been investigated and the investigation has failed to disclose sufficient evidence to substantiate your complaint.

Thank you for bringing this incident to my attention.

Very truly yours,

Lieutenant Gary Robinson

*Police Department*
*475 North Avenue*
*New Rochelle, NY 10801*



*(914) 654-2230*
*Writer's Telephone:*
*(914)*

# City of New Rochelle
# New York

Angelo Williams
22 Clinton Avenue
New Rochelle,
New York, 10801

June 25, 2015

Dear Mr. Williams,

The complaint you filed against the "County Police" on May 22, 2015 has not been investigated as you were not technically arrested by the New Rochelle Police Department. You were arrested by New York State Court Officers. Your phone was held as evidence as per the District Attorney's Office.

Very truly yours,

Lieutenant Gary Robinson

*Police Department*
*475 North Avenue*
*New Rochelle, NY 10801*



*(914) 654-2230*
*Writer's Telephone:*
*(914)*

# City of New Rochelle
# New York

Angelo Williams
22 Clinton Avenue
New Rochelle,
New York, 10801

June 25, 2015

Dear Mr. Williams,

The complaint you filed against P.O. Boneski on May 22, 2015 has been investigated and the investigation has failed to disclose sufficient evidence to substantiate your complaint.

Thank you for bringing this incident to my attention.

Very truly yours,

Lieutenant Gary Robinson