**MEMO ENDORSED**

RUSSELL B. SMITH
Attorney At Law
399 Knollwood Road, Suite 220
White Plains, New York 10603
(914) 997-0555 (t)
(914) 997-0550 (f)

*Plaintiff's Letter Motion for Leave to file 6th Amended Complaint is Denied without prejudice to renew Plaintiff's filing a proper motion. Clerk of the Court is respectfully requested to terminate the motion (doc. 78)*
Dated: Oct. 20, 2015

Judge Nelson S. Roman
The Hon. Charles L. Brient Jr.
Federal Building and Courthouse
Southern District of New York
300 Quarropas Street
White Plains New York

September 6, 2015

**SO ORDERED:**

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re: Williams v. The City of New Rochelle, et al
13 CV 3315 (NSR)
ECF Case

Dear Judge Roman,

    I am respectfully requesting leave to file a Supplemental Sixth Amended Complaint on the above-referenced case, Llewellyn Angelo Williams against The City of New Rochelle, et.al. ( copy of proposed Supplemental Sixth Amended Complaint attached as exhibit).

    During the course of my representation of Plaintiff Williams on this matter, and my continuing discussions and meetings with Plaintiff Williams, as well as my review of the extensive documentation in this case, I have become aware of certain incidents that have occurred between Plaintiff Williams and members of the New Rochelle Police Department that I was not aware of at the time the Fifth Amended Complaint was filed. As reflected in the proposed Supplemental Sixth Amended Complaint, there have also been several incidents that have occurred involving Plaintiff Williams and members of the New Rochelle Police Department <u>after</u> the filing of that Complaint.

    Rule 15 allows a party to <u>amend</u> its pleading after it has been filed with the court. In keeping with the flexibility of the federal rules, Rule 15 is generous. In the instant case, Plaintiff has become aware of new and important information with regard to the claims alleged, and is seeking to amend the pleading, and add new claims accordingly. Plaintiff respectfully submits to the Court that the amendments and supplemental additions are made in good faith and the Court should grant leave in this case, as justice so demands.

    Pursuant to Rule 15(d), <u>amended</u> pleadings allow a party to add claims or parties based on facts that occurred before the original pleading was filed. In the instant case, it was only after certain documents were provided by the New Rochelle Police Department, and after Plaintiff had made FOIL requests, and after counsel has continued with lengthy investigatory work, that counsel became aware of exactly how extensive Plaintiff's dealings and problems were with certain members of the Department. Plaintiff is seeking leave to <u>amend</u> the Complaint as follows:

By the proposed Supplemental Sixth Amended Complaint, Plaintiff has <u>not</u> added any new defendants.

Plaintiff seeks to amend the Complaint as follows:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2015

Plaintiff seeks to amend paragraph 17 of the proposed Supplemental Sixth Amended Complaint to include the fact that no paperwork was ever filed in Surrogates Court re: Alice Williams' automobile.

Plaintiff seeks to amend paragraph 18 of the proposed Supplemental Sixth Amended Complaint to include relevant exhibits attached Exhibits C, C-1, and C-2 .

Plaintiff seeks to amend the proposed Sixth Amended Complaint at paragraph 20 by including the name of the person whose vehicle Defendant 'booted' on March 2, 2013 at 466 Main Street. This information was learned in reading the police report.

Plaintiff seeks to amend the proposed Sixth Amended Complaint at paragraph 22 by including the fact that Safeway Towing signs had been in place in the lot for years and The New Rochelle Police department had never taken any action against Safeway.

Plaintiff seeks to amend the proposed Supplemental Sixth Amended Complaint by including paragraph 26 to the proposed Supplemental Sixth Amended Complaint. As set forth in Paragraph 26, over several years, Plaintiff Williams had made formal complaints to supervisors within the New Rochelle Police Department, in person and in writing. No action was ever taken against the police officers involved, and Plaintiff did not receive an official response until June 25, 2015.

Rule 15(d) allows parties to supplement, or add claims to their original pleading for facts that have arisen after the date the original complaint was filed. As set forth in the Supplemental Sixth Amended Complaint, several such incidents have taken place and been documented.

Plaintiff seeks to supplement the Supplemental Sixth Amended Complaint and paragraph 10 of the Complaint due to the fact that beginning in January, 2015, The New Rochelle Police Department changed their policy with regard to calling in vehicles that were being 'booted'. As a direct result of that new policy, Plaintiff Williams has been charged with numerous New Rochelle City Code violations ( see Plaintiff Exhibits F – I in the proposed Supplemental Sixth Amended Complaint).

Plaintiff seeks to supplement the Supplemental Sixth Amended Complaint and paragraph 15 of the Complaint by including the fact that, since the time that the New Rochelle Police Department instituted the new policy concerning Municipal Code Section 316, Plaintiff has been cited several times with violating that provision, and, upon information and belief, Safeway Towing has never been cited.

Plaintiff seeks to supplement the Supplemental Sixth Amended Complaint by filing paragraphs 23, 24, 25,and 26 with the Supplemental Sixth Amended Complaint. The facts set forth in those claims all took place after the Fifth Amended Complaint was filed. The incidents took place on January 10, 2015, May 2, 2015, May 17, 2015 and on June 25, 2015.(see Plaintiff's Exhibit F, Plaintiff's Exhibit G, Plaintiff's Exhibit H, and Plaintiff's Exhibit I ). The problem that exists between Plaintiff Williams and the New Rochelle Police Department has been ongoing for years, and in fact is ongoing to present day. Plaintiff has set forth, in just terms, why Plaintiff should be permitted to serve a supplemental pleading setting out incidents and events that occurred after the date that the original Complaint was served and filed.

Dated : White Plains New York

September 6, 2015

By: _____
RUSSELL B. SMITH, ESQ.
399 Knollwood Road Ste 220
White Plains, New York 10603
Attorney for Plaintiff
Llewellyn Angelo Williams

To: Brian J. Powers
Deputy Corporation Counsel
515 North Avenue
New Rochelle, New York 10801
(914) 997-0555