USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEWELLYN ANGELO WILLIAMS
                Plaintiff,

-against-

THE CITY OF NEW ROCHELLE, THE CIY OF NEW ROCHELLE POLICE DEPARTMENT, SERGEANT DANIEL CONCA, SERGEANT JOHN INZEO, SERGEANT KYLE WILSON, POLICE OFFICER EDWARD SILLER

                Defendant.

No. 13-CV-3315 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

    Before this Court is Plaintiff's Motion filed on December 14, 2018. (ECF No. 115). The Plaintiff asks for relief from the Court's Memorandum Opinion and Order dated December 7, 2017 granting Defendants' Motion for Summary Judgement. (ECF No. 109.) The Plaintiff files his motion pursuant to Rule 60(b)(3), (4) and (6) of the Federal Rules of Civil Procedure ("FRCP") on following grounds: (1) fraud, (2) fraud on the court, (3) misrepresentation of a material fact by the defendants and (4) the judgement is void. In addition, Plaintiff asks the Court to order any other relief that many be deemed just and reasonable under the circumstances.

    For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

    Plaintiff Llewellyn Angelo Williams ("Plaintiff") commenced this action against the City of New Rochelle, City of New Rochelle Police Department, Sergeant Daniel Conca, Sergeant John Inzeo, Sergeant Kyle Wilson, Police Officer Adam Castiglia, and Police Officer Edward Siller (collectively "Defendants"), asserting federal claims under the Fourteenth Amendment to

the United States Constitution pursuant to 42 U.S.C. §§ 1981and1983. (ECF No. 74, Sixth Amended Complaint ("Complaint") ¶1.) Plaintiff's complaint stems from the Defendant's actions related §316-3.1 of the city Code of New Rochelle. (*See e.g.*, Compl. ¶¶ 14–17.) Plaintiff, an African American male, alleges that the named Defendants selectively enforced Chapter 316 against him since 2011 because of his race (Compl. at ¶ 8; Defendant's Mem. in Supp. Mot. Summ. J. ("Mot. Supp. Summ. J.") 1, ECF No. 104). Chapter 316 governs and provides the procedural mechanisms for the placement of boot restraining devices on vehicles parked without permission on private property as well as the towing of such vehicles within New Rochelle. (ECF No. 109 at 2.)

The Court's December 7, 2017 Opinion and Order (ECF No. 109) can be summarized as follow: (1) Plaintiff had failed to proffer sufficient evidence that the Defendants selectively enforced provision of Chapter 316 in violation of §1983; (2) failed to supply evidence suggesting "intentional or disparate treatment for a class of one equal protection claim; (3) failed to meet a threshold showing that Defendants acted intentionally against him because of his race in accordance with his selective enforcement claim under 42 U.S.C. §1981; and (6) failed to proffer evidence under *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 690 (1978) that the City of New Rochelle should be held liable for the Defendant-officers' actions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Rule is supposed to strike a balance "between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d. Cir. 2018). (Internal citations omitted). As the Second Circuit has cautioned Rule 60 (b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2nd. Cir. 1986). Courts have intentionally set a high bar: the evidence a party needs to vacate a judgement must be "'highly convincing.'" *Dugan v. U.S.,* 2015 WL 5244341 (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d. 6, 9 (2d. Cir. 1987) (citations omitted)). The Rule may not be used as a substitute for a timely appeal. *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 822 (2d. Cir. 1967) ("But Rule 60(b)(6) is not a carte blanche to cast adrift from fixed moorings and time limitations guided only by the necessarily variant consciences of different judges. ") (citations omitted)). Finally, Fed.R.Civ.P. 60(3)(c)(1) plainly states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

## DISCUSSION

Plaintiff files his motion on December 14, 2018, more than one year after this Court issued its opinion on December 7, 2017. His motion pursuant to Rule 60(b)(3) is untimely and any argument regarding fraud on this Court cannot be entertained.

His motion pursuant to Rule 60 (b)(4) is also denied because Plaintiff has not alleged facts showing that the Court lacked jurisdiction over the subject-matter or parties, nor has Plaintiff shown that the Court acted in a manner inconsistent with due process of the law. *United*

3

*Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)(". . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.") "Relief from a judgment pursuant to Rule 60(b)(4) is not warranted 'simply because [the judgment] is or may have been erroneous.'" *Estate of Shefner ex rel. Shefner v. Beraudiere, 582 Fed.Appx. 9*, 12 (2d Cir. 2014) (alteration in original) (quoting *U.S. Student Aid Funds*, 559 U.S. at 270 (2010)). Finally, the Plaintiff moves pursuant to Rule 60 (b)(6), which allows the Court to vacate the judgment for "any other reason justifying relief." In reviewing the record, this Court cannot find any legal basis for grantingPlaintiff's motion on the merits.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 115.

Dated: December 20___, 2018　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

4